Jonathan **BERNSTEIN**, Plaintiff,

v.

**TRACTMANAGER, INC.**, a Delaware corporation, Defendant.

C.A. No. 2763–VCL.

Court of Chancery of Delaware.

Submitted: Aug. 2, 2007.

Decided: Nov. 20, 2007.

Opinion Denying Reargument

Dec. 20, 2007.

Joel Friedlander, Esquire, John M. Seaman, Esquire, Bouchard Margules & Friedlander, P.A., Wilmington, DE, for the Plaintiff.

Ian Connor Bifferato, Esquire, Chad J. Toms, Esquire, Bifferato Gentilotti, LLC, Wilmington, DE; Thomas J. Fleming, Esquire, Olshan Grundman Frome Rosenzweig & Wolosky, LLP, New York City, for the Defendant.

## OPINION

LAMB, Vice Chancellor.

This advancement action arose after the conversion of a limited liability company into a corporation. In that context, the court is asked to determine whether the corporation's bylaws providing a mandatory right of advancement to its officers and directors should be read to apply equally to the former managers of the LLC, even where the LLC's operating agreement provided for indemnification but not for mandatory advancement.

The court concludes that the right to indemnification or advancement for claims that arose during the life of the LLC continues to be governed by the terms of the old operating agreement. Thus, to the extent a claim is made against an officer or director of the corporation arising out of actions taken pre-conversion in his or her capacity as an officer or manager of the LLC, he or she has no mandatory right to advancement with respect thereto. While rights created by the LLC's operating agreement may be enforced against the corporation into which the LLC was converted, the corporation's bylaws do not govern the rights of former officers or managers of the LLC.

## I.

The plaintiff, Jonathan Bernstein, was a manager and co-founder of MediTract, LLC, a Delaware limited liability company formed in 1999. In 2001, MediTract, LLC changed its name to TractManager, LLC, and Bernstein retained his title after the name change. Effective January 2, 2003, TractManager, LLC was converted into TractManager, Inc., a Delaware corporation that provides contract management services utilizing proprietary software. Bernstein has been a director of TractManager, Inc. since that date, and was an officer of TractManager, Inc. until late 2004. In addition, Bernstein is, and at all relevant times was, a member of the New York Bar, practicing at the law firm of Pryor Cashman Sherman & Flynn, LLP ("Pryor Cashman"). Bernstein and his firm have provided legal services to TractManager, Inc. and its predecessors since 1999, including formation of MediTract, LLC in 1999 and its 2003 conversion into a corporation.

In 2006, Bernstein and Pryor Cashman brought suit in the Supreme Court of the State of New York against TractManager, Inc. seeking recovery of legal fees allegedly owed to them. TractManager, Inc. counterclaimed against Bernstein with three causes of action: (1) constructive trust; (2) legal malpractice; and (3) unjust enrichment.[1]

On or about February 5, 2007, Bernstein served TractManager, Inc. with a demand for advancement of litigation expenses incurred in defending the New York litigation. Bernstein also provided an undertaking to repay all amounts advanced if it were ultimately determined he was not entitled to indemnification under TractManager, Inc.'s bylaws.

---

1. TractManager, Inc. also brought several counterclaims against Pryor Cashman that are not at issue in this litigation and have been settled.

Less than two weeks later, on February 16, 2007, TractManager, Inc.'s board of directors met, allegedly without giving advance notice to Bernstein, and rejected the demand.[2] On March 1, 2007, Bernstein filed this action pursuant to 8 *Del. C.* § 145 asserting two counts for relief. Count I seeks advancement, pursuant to TractManager, Inc.'s bylaws and Delaware law, of litigation expenses incurred in the New York action. Count II seeks an award of expenses incurred in connection with prosecuting this action for advancement.

TractManager, Inc. concedes its bylaws provide for mandatory advancement to directors and officers of the corporation.[3] It argues, however, that the allegations in the counterclaim concern activities Bernstein took prior to TractManager, LLC's 2003 conversion into a corporation, and, there-fore, concern acts he took as a manager of the limited liability company, not a director of the corporation. TractManager, Inc. concludes that Bernstein is not entitled to mandatory advancement because nothing in TractManager, LLC's bylaws provided for mandatory advancement to its managers, and nothing in TractManager, Inc.'s bylaws plainly specifies an intent to extend mandatory advancement to managers of the limited liability company. TractManager, Inc. further argues the claims against Bernstein are brought "by reason of the fact" that he was the corporation's attorney, not a director of the corporation.

Bernstein argues that the bylaws should be read to provide mandatory advancement for managers of the limited liability company as well as for directors and offi-

---

**2.** Bernstein does not ask this court to invalidate the process by which the board denied advancement. Rather, he argues that he is entitled to mandatory advancement, and challenges the board's right to deny it.

**3.** Article VIII, Section 1 contains the indemnification provision, and states in pertinent part:

> SECTION I. RIGHT TO INDEMNIFICATION—Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the corporation or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is an alleged action in an official capacity as a director, officer, employee or agent or in any other capacity while serving as a director, officer, employee or agent, shall be indemnified and held harmless by the corporation to the fullest extent authorized by the Delaware

General Corporation Law, as the same exists or may hereafter be amended ... against all expense, liability and loss ... reasonably incurred or suffered by such indemnitee in connection therewith....

Article VIII, Section 2 contains the advancement provision, and states in pertinent part:

> SECTION 2. RIGHT TO ADVANCEMENT OF EXPENSES—In addition to the right to indemnification conferred in Section 1 of this ARTICLE VIII, an indemnitee shall also have the right to be paid by the corporation the expenses (including attorneys' fees) incurred in defending any such proceeding in advance of its final disposition....

A third clause in the by-laws extends indemnification and advancement, on a discretionary basis, to the corporation's employees and agents. Article VIII, Section 6 provides:

> SECTION 6. INDEMNIFICATION OF EMPLOYEES AND AGENTS OF THE CORPORATION—The corporation may, to the extent authorized from time to time by the Board of Directors, grant rights to indemnification and to the advancement of expenses to any employee or agent of the corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the corporation....

cers of the corporation. He also argues that TractManager, Inc.'s bylaws grant mandatory advancement for suits brought against a director or officer in "any capacity," not simply those brought "by reason of the fact" that the individual is a director or officer.

## II.

The parties cross-move for summary judgment. To prevail on summary judgment, the moving party must "demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law."[4] "The court must view the evidence presented in the light most favorable to the non-moving party, and the moving party bears the burden of demonstrating the absence of a material factual dispute."[5] Once the moving party has demonstrated such facts, and those facts entitle it to summary judgment, the burden shifts to the non-moving party to present "specific facts showing that there is a genuine issue of fact for trial."[6]

The non-moving party "may not rest upon the mere allegations or denials [contained in the pleadings]."[7]

■ The existence of cross-motions does not necessarily make summary judgment for either party inappropriate, nor does it change the standard for summary judgment.[8] Rather, the court examines each motion separately,[9] and "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, then summary judgment is appropriate."[10]

■ In this case, the court must determine whether Bernstein is due advancement pursuant to TractManager, Inc.'s bylaws. The rules that govern the interpretation of statutes and contracts "apply to the interpretation of corporate charters."[11] Thus, "[i]t is settled Dela-

---

4. *Levy v. HLI Operating Co., Inc.*, 924 A.2d 210, 219 (Del.Ch.2007).

5. *Id.*

6. *Id.* (citing Court of Chancery Rule 56(e)).

7. *Id.*

8. *See Mehiel v. Solo Cup Co.*, No. 851–N, 2005 WL 1252348, at *3 (Del.Ch. May 13, 2005); *United Vanguard Fund, Inc. v. Takecare, Inc.*, 693 A.2d 1076, 1079 (Del.1997); *see also Rochester v. Katalan*, 320 A.2d 704 (Del.1974); *Levy*, 924 A.2d at 219. The court notes that the filing of cross-motions will often trigger Court of Chancery Rule 56(h). That rule treats cross-motions for summary judgment as a stipulation for decision on the merits based on the record submitted. In this case, however, each party argues that material factual issues exist that preclude summary judgment in the other's favor. Bernstein alleges that if the court concludes TractManager, Inc.'s bylaws are ambiguous, he is entitled to discovery into how TractManager, Inc. inter-

prets its bylaws with respect to other directors. TractManager, Inc. alleges that if the court awards advancement for only a portion of Bernstein's claims, there is a material issue as to the claims and allegations to which he is entitled to advancement. "Because both sides have alleged that there are outstanding issues of fact material to the resolution of the other's motion, Rule 56(h) does not apply by its own terms." *Chambers v. Genesee & Wyoming, Inc.*, 2005 WL 2000765, at *5 n. 21 (Del.Ch. Aug. 11, 2005).

9. *See Union Oil Co. of Calif. v. Mobil Pipeline Co.*, No. 19395, 2006 WL 3770834, at *9 (Del.Ch. Dec. 15, 2006).

10. *Mehiel*, 2005 WL 1252348, at *3; *see also Rochester*, 320 A.2d 704; *Levy*, 924 A.2d at 219.

11. *Gentile v. Singlepoint Fin., Inc.*, 788 A.2d 111, 113 (Del. Ch.2001) (citing *Hibbert v. Hollywood Park, Inc.*, 457 A.2d 339, 343 (Del. 1983)); *Sundlun v. Executive Jet Aviation, Inc.*, 273 A.2d 282, 285 (Del.Ch.1970).

ware law that if a corporate bylaw is un-
ambiguous, the Court shall not attempt to
interpret it or search for the parties' in-
tent behind the bylaw."[12] Words and
phrases used in the bylaw are to be given
their commonly accepted meaning "unless
the context clearly requires a different one
or unless legal phrases having a special
meaning are used."[13] Further, the bylaw
is not made ambiguous merely because the
parties disagree on the proper construc-
tion.[14] Rather, it is ambiguous only if
reasonably susceptible to different con-
structions or interpretations.[15]

### III.

### A. Advancement For Acts Taken As A Manager Of TractManager, LLC

■ As an initial matter, absent a clear-
ly worded bylaw or contract making ad-
vancement mandatory, Delaware law
leaves the decision whether to advance
expenses to the business judgment of the
board.[16] In this case, TractManager,
LLC's governing document (the "Operat-
ing Agreement") provided indemnity for
managers and officers, but contained no
provision for advancement of expenses.
The indemnity clause was amended and
restated in the Third Amendment, execut-
ed June 1, 2001. This amended indemnity
provision did not provide for mandatory
advancement for expenses. Therefore,
Bernstein has no mandatory advancement
rights under the Operating Agreement.

■ Bernstein's right to indemnification
(but not mandatory advancement) in his

capacity as a manager of TractManager,
LLC was preserved in the conversion. 6
*Del. C.* § 18–216(h) states:

> When any conversion shall have become
> effective under this section, for all pur-
> poses of the laws of the State of Dela-
> ware ... all debts, liabilities and duties
> of the limited liability company that has
> converted shall remain attached to the
> other business form to which such limit-
> ed liability company has converted, and
> may be enforced against it to the same
> extent as if said debts, liabilities and
> duties had originally been incurred or
> contracted by it in its capacity as such
> other business form.

Thus, upon conversion, TractManager, Inc.
became liable to satisfy any contractual
indemnification obligation found in the Op-
erating Agreement. The scope of that lia-
bility is that defined in the Operation
Agreement and does not include a right of
mandatory advancement.

Bernstein tries to avoid this result by
arguing that the language of the corpora-
tion's bylaws should be read broadly
enough to confer rights on the former
managers or officers of TractManager,
LLC. Despite the fact that the bylaws do
not refer to TractManager, LLC's manag-
ers or officers, he argues that the exten-
sion of rights of advancement to any per-
son made a party to an action "by reason
of the fact that he or she is or was a
director or an officer of the corporation" in
Article VIII, Section 1 of TractManager,
Inc.'s bylaws should be read to include

**12.** *Salaman v. Nat'l Media Corp.*, No. 92C–01–161, 1994 WL 465535, at *4 (Del. Ch. July 22, 1994) (citing *Hibbert*, 457 A.2d 339).

**13.** *See Hibbert*, 457 A.2d at 343 (citations omitted).

**14.** *Id.*

**15.** *Id.*

**16.** *See Majkowski v. Amer. Imaging Mgmt. Serv.*, 913 A.2d 572, 580 (Del.Ch.2006); *Havens v. Attar*, No. 15134, 1997 WL 55957, at *13 (Del.Ch. Jan.30, 1997); *Adv. Mining Sys., Inc. v. Fricke*, 623 A.2d 82, 84 (Del.Ch.1992).

managers of TractManager, LLC.[17] In support, Bernstein cites to *Bowen Engineering v. Reeve* for the proposition that a corporate indemnification bylaw can be read to imply rights to persons who formerly served as directors of a predecessor corporation.[18] *Bowen Engineering* is highly authoritative, yet it does not support the result Bernstein seeks.

In *Bowen Engineering*, the company was originally incorporated in Idaho ("Bowen of Idaho") in 1949. In 1973, the Bowen of Idaho board of directors authorized the formation of a new corporation under the same name in New Jersey ("Bowen of New Jersey"). Bowen of Idaho later dissolved after the two corporations entered into a broad agreement of assignment and assumption. In 1977, the corporation (Bowen of New Jersey) amended its bylaws to include an indemnification provision granting "all costs and expenses, including attorneys' fees" to any person who "shall be or who has been involved in or who has been made a party to any claim, action, suit or proceeding by reason of the fact that he, his testator or his intestate is or was a director, officer or employee of the company, whether or not then in office."[19] The defendant, an estate of a former director of both Bowen of Idaho and Bowen of New Jersey, was subsequently sued under the Comprehensive Environmental Response, Compensation, and Liability Act and related laws for acts taken by its decedent as a director of both corporations.

Ruling on the defendant's counterclaim for indemnification, the United States District Court for the District of New Jersey held that the indemnification provision in Bowen of New Jersey's amended bylaws, which were obviously intended to apply retroactively, applied to acts the defendant's decedent took as a director of both Bowen of Idaho and Bowen of New Jersey. The court reasoned that the directors who decided to reincorporate in New Jersey thought of the two corporations as identical in virtually every respect; "[t]he *only* change to occur was the state of incorporation."[20] Moreover, this change "was considered technical and without impact on the identity of the corporation."[21] Because Bowen of New Jersey was a "mere continuation" of Bowen of Idaho, it was "clear" that the directors intended changes in Bowen of New Jersey's bylaws (adopted some three years after the reincorporation) to "apply equally to the corporation throughout its history, whether incorporated in Idaho or reincorporated in New Jersey."[22]

The court's holding in *Bowen Engineering* was predicated upon the virtually absolute identity of the two corporations. Here, by contrast, the conversion from a limited liability company to a corporation accomplished a more fundamental change in identity. Limited liability companies

---

17. As Bernstein points out, bylaws can apply to acts taken before their adoption. *See, e.g., Salaman v. Nat'l Media Corp.*, No. 92C–01–161, 1992 WL 808095, at *6 (Del.Super.Oct.8, 1992) (noting that where, as here, the bylaws define the indemnified event as "a claim asserted against the executive by reason of his service or actions in his position," the indemnified event is the claim itself, "not … the actions leading up to the claim"). Therefore, if Bernstein can establish that TractManager, Inc. intended its bylaws to apply to managers of TractManager, LLC, he can obtain advancement for expenses incurred in defending acts taken before those bylaws were adopted.

18. 799 F.Supp. 467 (D.N.J.1992).

19. *Id.* at 486–87.

20. *Id.* at 488.

21. *Id.*

22. *Id.* at 489.

and corporations differ in important ways, most pertinently in regard to indemnification: mandating it in the case of corporate directors and officers who successfully defend themselves, but leaving the indemnification of managers or officers of limited liability companies to private contract.[23] While the business of TractManager, LLC continued on in the corporate form following the 2003 conversion, there is no reason to infer that the directors who approved the new certificate of incorporation and bylaws intended to change, adjust, or expand any of the existing rights or duties governing TractManager, LLC.[24]

This point would, perhaps, be more easily understood if the tables were turned and it was the later adopted bylaw that contained more restrictive provisions applicable on their face only to the corporate officers and directors. In that case, there is little likelihood that a court would infer a silent intention to alter the more generous contractual arrangements previously enjoyed by the managers or officers of a predecessor limited liability company. Instead, the court would look to the terms of the limited liability company's operating agreement or other contracts to determine the rights and duties of the parties. The same result should apply here.

In sum, TractManager, Inc.'s bylaws provide for mandatory advancement only for directors and officers of the corporation. Its authors could have employed words granting the managers or officers of TractManager, LLC this right but did not. This court will not rewrite a contract by reading words into it that the parties clearly did not intend.[25] Therefore, Bernstein is entitled only to advancement for acts occurring after he became a director and officer of TractManager, Inc. on January 2, 2003.[26]

**23.** *Compare* 8 *Del. C.* § 145 (mandating indemnification of successful directors and officers) *with* 6 *Del. C.* § 18–108 (leaving the decision to indemnify even successful directors and officers to the limited liability company); *see also* 2 R. Franklin Balotti & Jesse A. Finkelstein, THE DELAWARE LAW OF CORPORATIONS & BUSINESS ORGANIZATIONS, §§ 20.1, 20.8 (3d ed. 2007) (noting that a key advantage of an LLC over a corporation is the broad freedom of contract allowed in its formation and structure, including with regard to duties and liabilities of managers); Martin I. Lubaroff & Paul M. Altman, DELAWARE LIMITED PARTNERSHIPS § 13.1 (2006) (noting that "the concept of freedom of contract, which is a core concept recognized by Delaware law with respect to a partnership ... is also recognized as a cornerstone of the formation of an LLC"). Indeed, Bernstein admits that, upon conversion, TractManager, Inc. drafted indemnification provisions that were far more generous than TractManager, LLC's, and provided wholly new advancement rights. *See* Pl.'s Reply Br. 12.

**24.** Bernstein also argues that Article VIII, Section 1 should be read as having a retrospective application since it grants indemnification (and therefore mandatory advancement) to individuals sued "by reason of the fact that he or she is or was a director or an officer of the corporation." Because, Bernstein argues, TractManager, Inc. had no directors or officer prior to January 2, 2003, and therefore no one existed who "was" a director or officer on that date, the bylaw should be read as applying retrospectively to TractManager, LLC since any other reading would render meaningless the word "was" in the phrase "by reason of the fact that he or she is or was a director or an officer of the corporation." TractManager, Inc. easily refutes this bizarrely hyper-technical argument, noting that the use of the word "was" is clearly included to ensure only that a director's departure from TractManager, Inc. at some time in the future does not eliminate his or her right to indemnification and mandatory advancement.

**25.** *Morgan v. Grace*, No. 20430, 2003 WL 22461916, at *3 (Del.Ch. Oct. 29, 2003).

**26.** *Radiancy, Inc. v. Azar*, No. 1547, 2006 WL 224059, at *3 (Del.Ch. Jan.23, 2006) (stating "in the absence of any facts on the record indicating [an individual] was appointed as a director or officer ... before [engaging in the

## B. "By Reason Of The Fact"

■ TractManager, Inc. argues that Bernstein is not entitled to advancement under its bylaws because he is not being sued by reason of the fact that he is or was a director or officer of the corporation. In *Homestore v. Tafeen*, the Delaware Supreme Court held that "if there is a nexus or causal connection between any of the underlying proceedings ... and one's official capacity, those proceedings are 'by reason of the fact' that one was a corporate officer, without regard to one's motivation for engaging in that conduct."[27] This connection is established if the corporate powers were used or necessary for the commission of the alleged misconduct.[28] Further, the requisite nexus can be established even if the cause of action does not specify a claim of breach of fiduciary duty owed to the corporation.[29] Of course, the conduct complained of must occur at a time when one is a corporate officer or director.

TractManager's counterclaims in the New York action against Bernstein allege three causes of action: (1) constructive trust; (2) legal malpractice; and (3) unjust enrichment. The first seeks to impose a trust over equity interests Bernstein obtained before January 2, 2003.[30] The unjust enrichment claim concerns these same equity interests, but also concerns Bernstein's retention of legal fees for work done between 1999 and 2004.[31] The legal malpractice claim covers, generally, Bernstein's representation of TractManager from 1999 to 2004. Thus, only the unjust enrichment claim and legal malpractice claim involve conduct post-dating January 2, 2003 that could satisfy the "by reason of the fact" requirement.

Further, reading the New York counterclaims as a whole and viewing the evidence presented in a light most favorable to Bernstein, the court identifies three allegations relevant to the New York counterclaims that occurred after Bernstein

acts underlying the action against him], he is not entitled to any earlier advancement"); *see also FGC Holdings Ltd. v. Teltronics, Inc.*, No. 883, 2007 WL 241384, at *13–14 (Del.Ch. Jan. 22, 2007) (finding an individual not entitled to indemnification under 8 *Del. C.* § 145(c) because he did not become a director until after engaging in the acts underlying the claim against him).

27. 888 A.2d 204, 215 (Del.2005).

28. *Brown v. LiveOps, Inc.*, 903 A.2d 324, 329 (Del.Ch.2006); *Perconti v. Thornton Oil Corp.*, No. 18630, 2002 WL 982419, at *6 (Del.Ch. May 3, 2002).

29. *Perconti*, 2002 WL 982419, at *7 & n. 35 (finding criminal indictment against officer was an action brought "by reason of the fact" he was an officer, even though he was not charged with breaching any fiduciary duty owed to the corporation, because "conduct which falls within the scope of a federal criminal statute can also be a breach of a corporate officer's fiduciary duty").

30. The pleading references interests that Bernstein acquired in 2000 upon the formation of MediTract, LLC and shortly thereafter, specifically, the 19% of MediTract, LLC's equity Bernstein obtained in 2000 for $3,625. It also alleges that other investors had to spend $100,000 for each one percent equity interest. The pleading alleges that Bernstein obtained his interests in violation of N.Y. Disc. R. 5–104.

31. On March 9, 2007, the Supreme Court for the State of New York dismissed TractManager, Inc.'s claims for constructive trust and unjust enrichment based upon the interest Bernstein obtained in MediTract, LLC through an entity he owned called Everest, LP. *See* Bernstein Aff. Ex. 11 at 25–26. In a letter dated May 29, 2007, Bernstein's counsel informed the court that the New York court had dismissed all of TractManager, Inc.'s claims against Bernstein on May 18, 2007. On June 1, 2007, Bernstein's counsel informed the court that on May 29, 2007, TractManager, Inc. had filed a notice of appeal of the May order.

became a director and officer of Tract-Manager, Inc. First, TractManager, Inc. alleges that "[b]etween 2001 and 2004 ... Bernstein ... advised and represented TractManager[, Inc.] in a series of private placements and corporate transactions."[32] Second, TractManager, Inc. alleges that, in the latter half of 2003, Bernstein advised TractManager, Inc. it owed Pryor Cashman $700,000 in legal fees. Tract-Manager, Inc. asserts that this advice was improper for two reasons: (1) the legal fees were not valid because Pryor Cashman had allegedly failed to provide Tract-Manager, Inc. with a written letter of engagement as required by New York ethics rules; and (2) the $700,000 bill included fees for services Bernstein personally provided and for which he agreed not to charge TractManager, Inc.

Third, TractManager, Inc. alleges that after it indicated it could not pay the $700,000 in legal fees, it entered into a detrimental contract with Pryor Cashman called the Conditional Agreement.[33] TractManager, Inc. alleges that Bernstein did not advise it to seek outside counsel before signing this agreement.

█ In essence, TractManager, Inc.'s claims are that Bernstein drafted legal documents and agreements in violation of legal ethics rules, advised his client to enter into those agreements, and attempted to recover legal fees to which he was not entitled. These claims bear no nexus to Bernstein's status as a director or officer. There are no allegations that Bernstein relied on information he obtained as a director or officer in order to render legal advice.[34] Nor are there allegations that Bernstein used his corporate powers to force the company to follow his legal advice. Nothing indicates that Bernstein used his corporate powers to draft the relevant documents, to advise TractManager, Inc. to enter into them, or to recover legal fees from TractManager, Inc.

█ Bernstein makes no serious attempt to argue that the claims were brought against him "by reason of the fact" that he is or was a director or officer of TractManager, Inc. Instead, Bernstein responds that Article VIII, Section 1 provides indemnification to anyone made a party to an action by reason of the fact that he or she was a director or an officer of the corporation "whether the basis of such proceeding is alleged action in an official capacity ... or *any other capacity* while serving as a director, officer, employee or agent...."[35] Bernstein argues the phrase "or any other capacity" entitles di-

---

**32.** This is one of only two post-January 2, 2003 allegations that Bernstein identifies in his brief. *See* Pl.'s Opening Br. 7 (characterizing TractManager, Inc.'s counterclaims as based on four allegations against Bernstein, only two of which date after 2003). The other post-January 2, 2003 allegation Bernstein identifies is that he "sought to use his improperly obtained board positions for his enrichment [by making] groundless charges [to other directors] regarding Rizk and sought to induce his fellow board members to remove Rizk." Bernstein Aff. Ex. 9 ¶ 166. However, Bernstein is not being sued for this act. Rather, the allegation is included in support of the breach of fiduciary duty claim against Pryor Cashman, which has been settled. *See* Bernstein Aff. Ex. 9 ¶ 204.

**33.** In the Conditional Agreement, Pryor Cashman allegedly agreed to waive TractManager, Inc.'s fees in return for a payment of $1.85 million if the company were sold. *See* Bernstein Aff. Ex. 8 ¶ 29.

**34.** *Heffernan v. Pacific Dunlop GNB Corp.*, 965 F.2d 369, 374 (7th Cir.1992) (finding suit was brought "by reason of the fact" that an individual was a director because the individual sold shares without disclosing inside information he learned of by virtue of being a director of the company).

**35.** (emphasis added).

rectors and officers to mandatory advancement for defending proceedings brought against them in any capacity, including suits wholly unrelated to his or her corporate capacity.

Such an interpretation, however, clearly was not what the parties intended and must be rejected. Under Bernstein's reading, even a director fighting a speeding ticket he or she received on the way to a board meeting is entitled to advancement. As TractManager, Inc. points out, this reading renders meaningless the words "by reason of the fact." Rather, the phrase "or any other capacity" is better read as clarifying the term "proceeding by reason of the fact he or she is or was a director or an officer of the corporation." It assures, for example, that a director receives advancement for defending a criminal action brought against him because of something he did as a director— even though such an action is brought against him as an individual rather than in his "official" capacity as a director of a corporation. The post-January 2, 2003 factual allegations against Bernstein arise solely out of acts taken by him in his capacity as the corporation's attorney, and Bernstein has pointed to nothing in the bylaws extending mandatory advancement to directors or officers facing such claims.

▆▆▆ Nor does the fact that Bernstein was TractManager, Inc.'s attorney make him an "agent" entitled to discretionary advancement under Article VIII, Section 6 of TractManager, Inc.'s bylaws. As this court explained in *Fasciana v. Electronic Data Systems Corporation:*

> Although it is true that attorneys are often described as agents of their clients, this loose general usage is not a helpful or sensible ascription to use in implementing [indemnification provisions]. Otherwise, outside attorneys retained by corporations would be able to seek advancement whenever they are accused of malpractice so long as their employing corporations have adopted a maximal bylaw extending coverage to the limits of [8 *Del. C.*] § 145.[36]

## IV.

Bernstein's claim for advancement must be denied because he seeks advancement for claims premised on acts taken before he became a director of TractManager, Inc., and TractManager, LLC bylaws did not provide for mandatory advancement of its managers. Further, as to those few acts occurring after January 2, 2003 for which Bernstein is sued, he is not sued by reason of the fact that he was or is a director or officer of TractManager, Inc. Because the bylaws are unambiguous, Bernstein's request for discovery into how TractManager, Inc. interprets its bylaws with respect to other directors will be denied.[37] Further, this court need not address TractManager, Inc.'s argument that the bylaws are to be construed against Bernstein.[38] For the foregoing reasons, Bernstein's motion for summary judgment is DENIED, and TractManager, Inc.'s mo-

36. 829 A.2d 160, 163 (Del.Ch.2003).

37. *See Hibbert,* 457 A.2d at 343 n. 4; *Telephone and Data Sys. Inc. v. Eastex Cellular LP,* No. 12888, 1993 WL 344770, at \*11, 1993 Del. Ch. Lexis 182, at \*38–39 (Del. Ch.Aug. 27, 1993); *see also NBC Universal, Inc. v. Paxson Commcn's Corp.,* No. 650–N, 2005 WL 1038997, at \*5 (Del.Ch. Apr.29, 2005) (stating that summary judgment is particularly appro-

priate in a dispute over an unambiguous contract "because there is no need to resolve material disputes of fact").

38. *Weinstock v. Lazard Debt Recovery GP, LLC,* No. 20048, 2003 WL 21843254, at \*7 n. 14, 2003 Del Ch. Lexis 83, at \* 21 n. 14 (Del. Ch. Aug. 8, 2003).

tion for summary judgment is GRANTED. IT IS SO ORDERED.

## OPINION DENYING REARGUMENT

The plaintiff, Jonathan Bernstein, has moved pursuant to Court of Chancery Rule 59(f) for reargument of a portion of this court's November 20, 2007 Memorandum Opinion denying his motion for summary judgment, and granting defendant TractManager, Inc.'s motion for summary judgment.[1] Bernstein claims that the court misapplied the law in reaching its decision. For the reasons stated below, the court denies Bernstein's motion.

### I.

The standard applicable to a motion for reargument is well settled. To succeed, " 'the moving party [must] demonstrate that the Court's decision was predicated upon a misunderstanding of a material fact or a misapplication of the law.' "[2] Such motions "are not a mechanism for litigants to relitigate claims already considered by the court. Rather Rule 59 relief is available to prevent injustice and will be granted only when the moving party demonstrates that the court's decision rested on a misunderstanding of the law."[3] Further, the misunderstanding or misapplication must be such that " 'the outcome of the decision would be affected.' "[4]

### II.

In his motion for reargument, Bernstein fails to raise arguments that are in any way different than the arguments already considered by the court. Therefore, Bernstein's motion will be dismissed.[5] Nonetheless, the court will briefly address the substance of Bernstein's arguments.

A. *Application Of TractManager, Inc.'s Bylaws To Managers Of TractManager, LLC*

Bernstein first challenges the court's holding that TractManager, Inc.'s bylaws do not apply to acts Bernstein took as a manager of TractManager, LLC. He argues that Delaware statutes deem a pre-conversion LLC and post-conversion corporation to be "the same entity."[6] Therefore, Bernstein concludes, the word "corporation" in TractManager, Inc.'s bylaws should be read to include TractManager, LLC, and apply to actions he took as its manager.[7]

---

1. *Bernstein v. TractManager, Inc.*, No. 2763, 2007 WL 4179088 (Del.Ch. Nov. 20, 2007).

2. *Deloitte & Touche U.S.A., L.L.P. v. Lamela*, No. 1542, 2006 WL 345007, at *2 (Del.Ch. Feb. 7, 2006) (quoting *Goldman v. Pogo.com, Inc.*, No. 18532, 2002 WL 1824910, at *1 (Del.Ch. July 16, 2002)); *see also Miles, Inc. v. Cookson America, Inc.*, 677 A.2d 505, 506 (Del.Ch.1995).

3. *American Legacy Found. v. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del.Ch.2005); *In re ML/EQ Real Estate P'ship Litig.*, 2000 WL 364188, at *1 (Del.Ch. Mar. 22, 2000).

4. *Deloitte & Touche*, 2006 WL 345007, at *2 (citing *Stein v. Orloff*, No. 7276, 1985 WL 21136, at *2 (Del.Ch. Sept. 26, 1985)).

5. *American Legacy Found.*, 895 A.2d at 877; *In re ML/EQ*, 2000 WL 364188, at *1.

6. *See* 8 *Del. C.* §§ 265(d), (f); 6 *Del. C.* § 18–216(c).

7. Bernstein also argues that TractManager, Inc.'s counsel somehow conceded that the word "corporation" in TractManager, Inc.'s bylaws should be read to include TractManager, LLC. Bernstein refers to the following language:

   THE COURT: But [the bylaws do not] say "LLC," either. So if—if a claim arises at the time that the—what is now a corporation was an LLC, you're conceding that for purposes of reading the word "corporation," it would—you would read it to include the predecessor LLC.

Bernstein overlooks that, although a pre-conversion LLC and post-conversion corporation are treated as the same entity for purposes of Delaware law, there are significant differences between an LLC and a corporation. Indeed, if it were otherwise, there would be little reason for an LLC to convert into a corporation. Thus, this court held that "[l]imited liability companies and corporations differ in important ways, most pertinently in regard to indemnification: mandating it in the case of corporate directors and officers who successfully defend themselves, but leaving the indemnification of managers or officers of limited liability companies to private contract."[8]

There is nothing inconsistent with treating a pre-conversion LLC and a post-conversion corporation as the same entity, while also respecting differences resulting from the change in entity form. TractManager, LLC's Operating Agreement governs Bernstein's advancement rights for acts he took as a manager of the LLC, and Bernstein offers no new arguments why the court should infer that TractManager, Inc. intended to expand those rights.

B. *"By Reason Of The Fact"*

Bernstein then challenges the court's holding that he was not sued "by reason of the fact" he was a director of TractManager, Inc. First, with respect to acts occurring after the conversion, Bernstein argues that "[t]he Opinion overlooks legal authori-

> MR. FLEMING: I do, Your Honor. I do think that's-
> THE COURT: LLC['s], by and large, as we all know, generally they don't have things called boards of directors. . . .
> Hr'g Tr. 55–56, July 20, 2007. The court does not consider counsel's truncated response a concession. In fact, TractManager, Inc.'s counsel specifically argued that "there's little reason" that "the word 'director' should just be rewritten with the word 'manager' . . ." Hr'g Tr. 55.

ty regarding the meaning of the bylaw phrase 'or in any other capacity while serving as a director, officer, employee, or agent.' "[9] Specifically, Bernstein cites to Professor Ernest L. Folk III's 1972 commentary to 8 *Del. C.* § 145(f), in which Professor Folk opines:

> [The language of 8 *Del. C.* § 145(f), which provides that statutory indemnification and advancement rights are non-exclusive of other indemnification and advancement rights an individual may have, "both as to action in such person's official capacity and as to action in another capacity while holding such office"] may well change the implication of *Mooney v. Willys–Overland Motors,* [204 F.2d 888, 896 (3d Cir.1953)], that a corporation could not indemnify expenses incurred by a director or officer if he is sued in his capacity of a controlling stockholder, at least where there is no ground for linking the misconduct challenged in the main action to an official capacity.[10]

Bernstein argues that, likewise, TractManager, Inc.'s bylaws provide advancement for acts a director takes in an official capacity or "any other capacity." Therefore, he concludes, he is entitled to advancement for acts taken as TractManager, Inc.'s attorney, even if there is "no ground linking the misconduct challenged in the main action to an official capacity."

8. *Bernstein,* 2007 WL 4179088, at *3 (comparing 8 *Del. C.* § 145 with 6 *Del. C.* § 18–108).

9. Pl.'s Br. ¶ 8.

10. Ernest L. Folk, III, *The Delaware General Corporation Law—A Commentary and Analysis* 102 (1972).

While Professor Folk's 35–year old commentary provides some support for Bernstein's position, Bernstein cannot point to any case in which a court has expanded advancement and indemnification rights in such an extreme way. The court sees no reason to do so now. Instead, the court reiterates that Bernstein's "reading [of TractManager, Inc.'s bylaws] renders meaningless the words 'by reason of the fact' [he is or was a director or officer].... [T]he phrase 'or any other capacity' is better read as clarifying the term 'proceeding by reason of the fact he or she is or was a director or an officer of the corporation.' "[11]

Bernstein further argues that the court overlooked the import of *Grace Brothers, Limited v. Uniholding Corporation.*[12] Bernstein argues that, under *Grace Brothers*, the allegations in the New York action could have established a breach of fiduciary duty claim against him as a director, even though the allegations only concerned acts he took as an attorney. Therefore, Bernstein argues, he is being sued "by reason of the fact" that he is a director of TractManager, Inc., and is entitled to advancement for defending those claims.

Putting aside whether Bernstein's interpretation of *Grace Brothers* is even accurate, his argument is unpersuasive. Bernstein would have this court create a new test for what it means to be sued "by reason of the fact" that one is a director— namely that it means the allegations against an individual could establish a claim of breach of fiduciary duties owed as a director. This is not the law of Delaware. An individual is not sued "by reason of the fact" that he or she is a director simply because certain allegations against the individual arguably[13] give rise to breach of fiduciary duty claims.[14] Rather, as noted in the Opinion, a director is entitled to advancement "if there is a nexus or causal connection between any of the underlying proceedings ... and one's official capacity, without regard to one's motivation for engaging in that conduct."[15]

As this court held, the counterclaims brought against Bernstein in the New York action relating to post-conversion activity were, in essence, "that Bernstein drafted legal documents and agreements in violation of legal ethics rules, advised his client to enter into those agreements, and attempted to recover legal fees to which he was not entitled."[16] Bernstein's corporate powers were not "critical,"[17] "instrumental,"[18] "necessary,"[19] or used in any meaningful sense to commit these acts. Therefore, "[t]hese claims bear no nexus to Bernstein's status as a director or officer."[20] Under its bylaws, TractManager,

**11.** *Bernstein,* 2007 WL 4179088, at *6.

**12.** No. 176122000, 2000 WL 982401 (Del.Ch., July 12, 2000).

**13.** *See Hoover Indus. v. Chase,* 14 Del. J. Corp. L. 332, 337–38 (Del.Ch.1988) (stating "[i]t may be that every deliberate or intentional wrong visited upon a corporation by a person who serves as a director at the time of the wrong, constitutes a breach of the director's duty of loyalty").

**14.** This is especially so where, as here, the director's actions are governed by an independent set of fiduciary duties, such as legal ethics.

**15.** *Homestore v. Tafeen,* 888 A.2d 204, 215 (Del.2005).

**16.** *Bernstein,* 2007 WL 4179088, at *6.

**17.** *Perconti v. Thornton Oil Corp.,* No. 18630, 2002 WL 982419, at *7 (Del.Ch. May 3, 2002).

**18.** *Id.*

**19.** *Brown v. LiveOps, Inc.,* 903 A.2d 324, 329 (Del.Ch.2006).

**20.** *Bernstein,* 2007 WL 4179088, at *6.

Inc. may sue Bernstein, an attorney who also sits as a director, for acts he took as an attorney, and may do so without triggering advancement rights.

Finally, Bernstein argues that the Opinion overlooks that the New York court dismissed all the claims brought against him. He argues that because the "record shows the absence of any genuine dispute about the appropriateness of Bernstein's conduct prior to 2003," it is clear that "what motivates the entire New York action is Bernstein's conduct as a director and officer in 2004, when ... '[u]sing his post as president and director, Bernstein sought to engineer the removal of Thomas Rizk.'"[21] The court does not agree that the outcome of the New York action changes the fact that the post-conversion counterclaims were based on allegations of

conduct Bernstein engaged in as an attorney, rather than as a director. It may be, as Bernstein will doubtless contend, that he is entitled to indemnification under the LLC's Operating Agreement for fees and expenses incurred in defending the claims relating to pre-conversion conduct. That question is, however, for another day.

### III.

For the reasons stated herein, Bernstein's motion for reargument is DENIED. IT IS SO ORDERED.

---

21. Pl.'s Br. ¶ 12.