**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

DONALD F. PARSONS, JR.
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: June 24, 2015
Date Decided: October 22, 2015

Raymond J. DiCamillo, Esq.
Susan M. Hannigan, Esq.
J. Scott Pritchard, Esq.
Rachel E. Horn, Esq.
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

John L. Reed, Esq.
Scott Czerwonka, Esq.
Harrison S. Carpenter, Esq.
DLA Piper LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801-3046

Re:  *In re Genelux Corporation*
    Civil Action No. 10612-VCP

Dear Counsel:

This is an advancement proceeding based on related litigation before this Court under 8 *Del. C.* §§ 205 and 225 (the "205/225 Action") and an action in California. The detailed background of the underlying dispute in the 205/225 Action is set out more fully in the opinion issued contemporaneous with this Letter Opinion, reflecting this Court's post-trial findings of fact and conclusions of law in that action.[1] This opinion addresses whether a former director and officer of a

---

[1]  *In re Genelux Corp.*, C.A. No. 10042-VCP (Del. Ch. 2015) [hereinafter 205/225 Opinion].

corporation is entitled to summary judgment on his request for advancement of fees and expenses incurred in the related 205/225 Action and the California litigation from the corporation. For the reasons set forth below, I conclude the former director and officer is entitled to advancement, and I grant the motion for summary judgment.

## I.    BACKGROUND

### A.    Facts

On August 20, 2014, Genelux Corporation ("Genelux" or the "Company"), together with Dr. Ron Simus, a Genelux Board member and stockholder, filed an amended complaint against Dr. Albert Roeder and Byron Georgiou containing two counts, seeking: (1) relief pursuant to 8 *Del. C.* § 205; and (2) relief pursuant to 8 *Del. C.* § 225. On October 13, 2014, Leslie Busick, trustee of the Busick Inter Vivos Trust dated June 11, 1974, filed a complaint in California state court against Dr. Aladar Szalay, among other defendants, seeking restitution based on a $2,000,000 loan that Busick had made to Genelux (the "California Action"). On October 31, 2014, Szalay moved to intervene in the 205/225 Action, which relates, among other things, to the validity of 1.5 million shares of Series A Preferred Stock in the Company that Szalay purportedly received in 2009. On November 21, 2014, Szalay submitted a request for indemnification and advancement to Genelux

pursuant to Article XI of the Company's First Amended and Restated Bylaws,

which provides:

> Each person who was or is made a party or is threatened to be made a party or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer, of the Corporation . . . whether the basis of such proceeding is alleged action in an official capacity as a director, officer, employee or agent or in any other capacity while, serving as a director, officer, employee or agent, shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the Delaware General Corporation Law, . . . against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by such person in connection therewith and such indemnification shall continue as to a person who has ceased to be a director, officer, employee or agent . . . provided, however, that, except as provided in paragraph (b) hereof, the Corporation shall indemnify any such person seeking indemnification in connection with a proceeding (or part thereof) initiated by such person only if such proceeding (or part thereof) was authorized by the Board of Directors of the Corporation. The right to indemnification conferred in this Section shall be a contract right and shall include the right to be paid by the Corporation the expenses incurred in defending any such proceeding in advance of its final disposition: provided, however, that, if the Delaware General Corporation Law requires, the payment of such expenses incurred by a director or officer in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such person

while a director or officer, including, without limitation, service to an employee benefit plan) in advance of the final disposition of a proceeding, shall be made only upon delivery to the corporation of an undertaking, by or on behalf of such director or officer, to repay all amounts so advanced if it shall ultimately be determined that such director or officer is not entitled to be indemnified under this Section or otherwise.[2]

Szalay also seeks advancement pursuant to Section 5 of the indemnification agreement dated July 25, 2011 between the Company and Szalay (the "Indemnification Agreement"), which provides:

Notwithstanding any other provision of this Agreement, the Company shall advance all Expenses incurred by or on behalf of Indemnitee in connection with any Proceeding by reason of Indemnitee's Corporate Status within thirty (30) days after the receipt by the Company of a statement or statements from Indemnitee requesting such advance or advances from time to time, whether prior to or after final disposition of such Proceeding. Such statement or statements shall reasonably evidence the Expenses incurred by Indemnitee and shall include or be preceded or accompanied by a written undertaking by or on behalf of Indemnitee to repay any Expenses advanced if it shall ultimately be determined that Indemnitee is not entitled to be indemnified against such Expenses. Any advances and undertakings to repay pursuant to this Section 5 shall be unsecured and interest free. . . .[3]

---

[2]     Compl. Ex. B, Art. XI § 1(a).

[3]     Compl. Ex. C § 5.

On February 5, 2015, Szalay filed this action after the Company refused to advance his expenses and also moved for expedited treatment thereof (the "Motion to Expedite"). On February 18, 2015, the Company moved to consolidate this action with the 205/225 Action (the "Motion to Consolidate"). On February 24, 2015, Szalay submitted to the Company evidence of his expenses and the written undertaking as required to make a demand for advancement under Section 5 of the Indemnification Agreement. On February 26, 2015, Szalay moved for summary judgment of advancement and filed an opening brief in support thereof (the "Motion for Summary Judgment"). On April 2, 2015, I granted in part and denied in part the Motion to Consolidate and the Motion to Expedite. Those motions were granted only to the extent that I ordered that: (1) the parties could present additional evidence regarding Szalay's Motion for Summary Judgment at trial; and (2) briefing on the Motion for Summary Judgment could proceed promptly. Trial on the issues presented in the 205/225 Action and any additional evidence on Szalay's Motion for Summary Judgment was held April 7-8, 2015. On April 20, 2015, Genelux filed its brief in opposition to Szalay's Motion for Summary Judgment, and on April 27, Szalay submitted his reply brief. On June 24, 2015, I heard post-trial argument on all issues. Having considered all of the recited

submissions and observed the relevant portions of the trial and post-trial arguments, I present my ruling on the Motion for Summary Judgment in this Letter Opinion.

## B.       Parties' Contentions

Defendant Genelux asserts that Szalay is not entitled to advancement under the Company's governing documents and Delaware law, because: (1) Szalay intervened in the 205/225 Action for personal reasons and not as part of any duty to the Company or its stockholders; (2) Szalay was not involved in the 205/225 Action by reason of his Corporate Status, as defined in the Indemnification Agreement and referenced in Section 13(a); (3) the Company's Director and Officer ("D&O") insurer agreed to cover his attorneys' fees incurred in the California Action; therefore, any of Szalay's claims related to advancement for that action are moot; and (4) Szalay failed to comply with Section 5 of the Indemnification Agreement, because he did not submit the requisite evidence of expenses and a written undertaking with, or before submitting, his demand for advancement.[4]

---

[4]      *See* Genelux Corp.'s Ans. Br. in Opp. to Pl.'s Mot. Summ. J. ("Def.'s Ans. Br."), Docket Item ("D.I.") 17.

Szalay argues that he is entitled to advancement of the legal fees and expenses he has incurred and continues to incur in the 205/225 Action, because his involvement relates to his "Corporate Status."[5]  In addition, Szalay contends that the fact that he was forced to intervene in the 205/225 Action does not extinguish his advancement rights.[6]  Further, Szalay claims that he still may be entitled to advancement for fees incurred in the California Action beyond any reimbursements received pursuant to the Company's D&O insurance.[7]  I address each of these arguments in turn, below.

## II.     ANALYSIS

### A.     Szalay's Failure to Get Board Authorization Does Not Extinguish His Advancement Rights

Genelux first claims that Szalay is not entitled to advancement, because he intervened in the 205/225 Action for purely personal reasons.[8]  Section 13(f) of the Indemnification Agreement defines a "Proceeding" as:

> any threatened, pending or completed action, suit, arbitration, alternate dispute resolution mechanism, investigation, inquiry, administrative hearing or any other

---

[5]  Pl.'s Reply Br. in Supp. of Mot. Summ. J. ("Pl.'s Reply Br."), D.I. 20, at 6.

[6]  *Id*. at 14.

[7]  *Id*. at 21.

[8]  Def.'s Ans. Br. 9.

> actual, threatened or completed proceeding, whether brought by or in the right of the Company or otherwise and whether civil, criminal, administrative or investigative, in which Indemnitee was, is or will be involved *as a party or otherwise*, by reason of his or her Corporate Status, by reason of any action taken by him or her or of any inaction on his or her part while acting in his or her Corporate Status; in each case whether or not he or she is acting or serving in any such capacity at the time any liability or expense is incurred for which indemnification can be provided under this Agreement; including one pending on or before the date of this Agreement, but excluding one initiated by an Indemnitee pursuant to Section 7 of this Agreement to enforce his or her rights under this Agreement.[9]

The Delaware Supreme Court broadly has interpreted the language "party or otherwise" to include "an individual who acts as an intervenor or *amicus curiae* in any particular case."[10] Thus, Szalay's right to advancement under the Indemnification Agreement is not extinguished by virtue of his status as an intervenor.

Genelux also contends that Szalay is not entitled to advancement based on his status as an intervenor, because he initiated his involvement in the 205/225 Action without authorization from the Genelux board of directors, contrary to

---

[9] Compl. Ex. C § 13(f) (emphasis added).

[10] *Hibbert v. Hollywood Park, Inc.*, 457 A.2d 339, 343 (Del. 1983).

Section 9(c) of the Indemnification Agreement.[11]  Section 9 provides in relevant part:

> Notwithstanding any provision in this Agreement, the Company shall not be obligated under this Agreement to make any indemnity in connection with any claim made against Indemnitee: . . . (c) in connection with any Proceeding (or any part of any Proceeding) initiated by Indemnitee, including any Proceeding (or any part of any Proceeding) initiated by Indemnitee against the Company or its directors, officers, employees or other indemnitees, *unless (i) the Board authorized the Proceeding* (or any part of any Proceeding) *prior to its initiation* or (ii) the Company provides the indemnification, in its sole discretion, pursuant to the powers vested in the Company under applicable law.[12]

Although I am not aware of any Delaware case that squarely examines board authorization as a limitation on advancement rights under an indemnification agreement of a party that successfully intervenes in an action without asserting affirmative claims, Delaware courts have examined the advancement rights of a party that: (1) initiates a suit against the corporation; and (2) asserts a compulsory counterclaim in a suit brought against it.  Specifically, Delaware courts recognize that "permissible indemnification claims will include those deriving from lawsuits brought by directors . . . *only insofar as the suit was brought as part of the*

---

11      Def.'s Ans. Br. 10-11.

12      Compl. Ex. C § 9(c) (emphasis added).

*employee's duties to the corporation and its shareholders.*"[13]   In addition, Delaware courts recognize a counterclaim as a "defense" within the meaning of an express indemnification agreement that authorizes advancement for indemnitees who are required to defend an action, if the counterclaim is "(1) 'necessarily part of the same dispute,' in the sense that it qualifies as a compulsory counterclaim under the prevailing Delaware and federal procedural standard, and (2) [is] 'advanced to defeat, or offset' the affirmative claims."[14]

Szalay's intervention in the 205/225 Action cannot fairly be said to have been carried out exclusive of, or entirely outside of, his "duties to the corporation and its shareholders,"[15] because Genelux sought to invalidate certain resolutions previously passed by the board of directors effectively confirming that Szalay had

---

[13]     *Shearin v. E.F. Hutton Gp., Inc.*, 652 A.2d 578, 594 (Del. Ch. 1994) (citing *Hibbert v. Hollywood Park*, 457 A.2d at 344).

[14]     *Pontone v. Milso Indus. Corp.*, 100 A.3d 1023, 1054-55 (Del. Ch. 2014) (citing *Citadel Hldg. Corp. v. Roven*, 603 A.2d 818, 824 (Del. 1992)).

[15]     *See Gentile v. SinglePoint Fin., Inc.*, 787 A.2d 102, 107-09 (Del. Ch. 2001) (A former officer and director sought advancement from the corporation as to his attempted intervention in the corporation's lawsuit against the corporation's client and as to his initiation of a lawsuit against the corporation to recover certain stock of the corporation's client. The court held he was not entitled to advancement under the *Shearin/Hibbert* analysis, because he was not a defendant in the underlying actions and merely was asserting personal property rights in his action against the corporation.)

the right, as a stockholder of 3 million Series A Preferred shares, to elect two directors to the board. Szalay, then, did not "plainly [seek] to advance [his] own interest" exclusive of the "interest of the corporation" by intervening to defend the validity of those resolutions.[16] Further, Szalay's intervention in the 205/225 Action is akin to a compulsory counterclaim in that it was "necessarily part of the same dispute." Specifically, were the Court to rule in favor of Genelux in the 205/225 Action, Szalay could be barred on collateral estoppel grounds from arguing that he had discharged his fiduciary duties properly in connection with the challenged actions.[17]

Genelux and Simus named only Roeder and Georgiou, the directors elected by Szalay, as defendants in the 205/225 Action. Not surprisingly, neither of those defendants were inclined to expend personally the potentially substantial resources that would be required to defend that action. The party whose interests were most

---

[16]     *See Shearin*, 652 A.2d at 594 (refusing a director's request for advancement for fees incurred in lawsuits she initiated against the corporation, alleging defamation and breach of employment contract, because she merely asserted personal rights).

[17]     Op. Br. in Supp. of Pl.'s Mot. Summ. J., D.I. 12, at 28. *See also Gentile*, 787 A.2d at 110 (The former director's intervention in the corporation's action against its client was not the same as a compulsory counterclaim under *Citadel*, because the director "was not faced with a 'use-it-or-lose-it' scenario . . .").

threatened was Szalay. The Company, however, did not name him as a defendant. Szalay asserts that was done to deny him his advancement rights, among other things. Whatever Genelux's motivations, I conclude that it would be inequitable to deny Szalay his claimed right to advancement under the Indemnification Agreement based on his failure to get board authorization to intervene in the 205/225 Action. To hold otherwise would allow the Company to allege misconduct of a director in his capacity as a fiduciary and to attempt to invalidate his personal property rights and related corporate rights without naming him a defendant, thereby forcing him either to intervene in the action at his own expense or risk losing important rights.

**B.      Szalay Was Involved in the 205/225 Action by Reason of His Corporate Status**

Genelux next asserts that Szalay is not entitled to advancement pursuant to Section 5 of the Indemnification Agreement, because he intervened in the 205/225 Action on the basis of his interest as a stockholder and was not involved in that action by reason of his Corporate Status.[18] The "by reason of" limitation in Section 5 is consistent with the statutory language in Section 145(a) of the

---

[18]     Section 13(a) of the Indemnification Agreement defines "Corporate Status" to include "the status of a person who is or was a director, officer, employee, agent or fiduciary of the Company." Compl. Ex. C § 13(a).

Delaware General Corporation Law ("DGCL"), which authorizes indemnification when a person is made or threatened to be made a party to an action or proceeding "by reason of the fact" that the person is or was a director or officer.[19] Under Delaware law, "[t]he 'by reason of the fact' standard, or the 'official capacity' standard, is interpreted broadly and in favor of indemnification and advancement."[20] As the Delaware Supreme Court held in *Homestore, Inc. v. Tafeen*, "if there is a nexus or causal connection between any of the underlying proceedings . . . and one's official corporate capacity, those proceedings are 'by reason of the fact' that one was a corporate officer, without regard to one's motivation for engaging in that conduct."[21] The requisite connection is established "if the corporate powers were used or necessary for the commission of the alleged misconduct."[22]

Szalay was involved in the 205/225 Action not merely as a putative holder of the 1.5 million shares of Series A Preferred Stock Genelux sought to invalidate,

---

[19]   8 *Del. C*. 145(a).

[20]   *Underbrink v. Warrior Energy Servs. Corp.*, 2008 WL 2262316, at *7 (Del. Ch. May 30, 2008) (citing *Weaver v. ZeniMax Media, Inc.*, 2004 WL 243163 (Del. Ch. Jan. 30, 2007)).

[21]   888 A.2d 204, 214 (Del. 2005).

[22]   *Bernstein v. TractManager, Inc.*, 953 A.2d 1003, 1011 (Del. Ch. 2007).

but also by reason of his Corporate Status. Genelux alleged in its Verified Petition for Relief that the 1.5 million shares were "improperly issued" to Szalay by reason of his alleged wrongdoing in his capacity as CEO, President, and Chairman of the Board.[23] Virtually all of the relevant facts and allegations of the 205/225 Action pertain to Szalay's actions in his capacity as a director of Genelux; therefore, I conclude that Szalay meets the requirements for advancement of fees incurred in the 205/225 Action in that he is involved in that action by reason of his Corporate Status.

**C.      Szalay Is Entitled to Advancement for Fees in the California Action to the Extent They Reasonably Exceed the Reimbursements from the D&O Insurance**

Genelux argues that Szalay's claims related to advancement for fees incurred in the California Action are moot, because the Company's D&O insurance provider has agreed to cover those fees.[24] The fact that Szalay's fees and expenses in the California Action may be covered under the Company's insurance policy is irrelevant to Szalay's entitlement to advancement for those fees under Delaware law and the Indemnification Agreement. This Court has recognized an

---

[23]      205/225 Op. 34.

[24]      Def.'s Ans. Br. 2 n.1.

indemnitee's ability to seek advancement and indemnification from multiple sources with which it has contractual rights to do so.[25] Szalay's advancement rights are limited in the sense that he may not seek double recovery, but Szalay has represented to the Court that he is not seeking to recover any amounts already reimbursed by the insurance carrier. Szalay contends, however, that the insurance policy has a $3 million limit, and the insurer has imposed a cap on the hourly rates of Szalay's counsel such that he will not be reimbursed fully by the insurer for the fees and expenses incurred in the California Action. Szalay would be entitled, therefore, to seek advancement from Genelux for reasonable fees and expenses he incurred in the California Action that are not paid by the D&O insurer.

### D.    Szalay Properly Made a Demand for Advancement

Section 5 of the Indemnification Agreement requires the party's request for advancement to be accompanied or preceded by evidence of expenses and a written undertaking on behalf of the party to repay any expenses advanced if it is determined he is not entitled to be indemnified. The Company then has thirty days to advance payment for those expenses.[26] In this case, Szalay requested advancement from Genelux on November 21, 2015, but he did not submit the

---

[25]    *See Pontone v. Milso Indus. Corp.*, 100 A.2d 1023, 1040 (Del. Ch. 2014).

[26]    Compl. Ex. C § 5.

requisite documentation and undertaking until February 24, 2015. Genelux argues, therefore, that "even if the Court finds that Dr. Szalay is entitled to advancement, there remain triable issues concerning his failure to comply with the Indemnification Agreement before initiating this lawsuit and the reasonableness of the fees for which Szalay has requested advancement."[27]

I do not find Genelux's argument persuasive. Because this action relates to the somewhat expedited 205/225 Action and has been expedited itself, in part, I conclude that it would exalt form over substance to dismiss this action based on the fact that it was filed before Szalay submitted evidence of his expenses and a written undertaking. The Company's contention regarding the reasonableness of the requested fees is premature, because that issue is not currently before me. In a separate order entered today in this action, I prescribe the procedure to be used for seeking payment for amounts as to which advancement is sought. That procedure includes steps relating to a reasonableness review.

Finally, as a consequence of the timing of Szalay's submissions regarding his advancement claims, I deem February 24, 2015 to be the effective date of his request for advancement based on the expenses for which he submitted documentation by that time. The earliest date a payment would have been due on that request would be thirty days later or March 26, 2015.

---

[27]     Def.'s Ans. Br. 8 n.3.

### E.      Fees on Fees

In addition to advancement for fees and expenses incurred in the 205/225 and California Actions, Szalay also seeks his reasonable attorneys' fees and expenses incurred in this proceeding.   This Court awards fees on fees when a plaintiff successfully shows an entitlement to advancement that wrongfully was withheld by the defendant corporation.   Moreover, "[p]ursuant to [8 *Del. C.* § 145] . . . this Court 'will only award that amount of fees that is reasonable in relation to the results obtained.'"[28]

Szalay successfully has argued for a summary judgment that he is entitled to advancement; therefore, I award him the entirety of his fees on fees reasonably incurred in the prosecution of this case to date.

### III.      CONCLUSION

For the reasons stated in this Letter Opinion, I grant Szalay's Motion for Summary Judgment that he is entitled to advancement from Genelux as to the 205/225 Action and the California Action.[29]

---

[28]      *Holley v. Nipro Diagnostics, Inc.*, 2014 WL 7336411, at *15 (Del. Ch. Dec. 23, 2014) (quoting *Pontone*, 100 A.3d at 1176).

[29]      A separate Order Establishing Procedure for Payment of Advancement is being entered concurrently with this Letter Opinion.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Donald F. Parsons, Jr.*

Donald F. Parsons, Jr.
Vice Chancellor

DFP/ptp