# Third District Court of Appeal

## State of Florida

Opinion filed April 27, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-894
Lower Tribunal No. 18-23004

————————

**Brent Blake,**
Appellant,

vs.

**American Sales and Management Organization, LLC, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Dimond Kaplan & Rothstein, P.A., and David Rothstein and Lorenz Michel Prüss; Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel and William D. Mueller, for appellant.

Greenberg Traurig, P.A., and Joseph Mamounas and Jay A. Yagoda, for appellee.

Before EMAS, HENDON and BOKOR, JJ.

PER CURIAM.

Affirmed. See Banco Indust. de Venezuela C.A., Miami Agency v. de Saad, 68 So. 3d 895, 900 (Fla. 2011) (observing: "Here, de Saad did not meet the requirements for indemnification. . . because she was not prosecuted 'by reason of the fact' that she was a corporate officer. See § 607.0850(1), Fla. Stat. Although de Saad may have had access to the laundered funds due to her position as a corporate officer, she was prosecuted for her conduct, not on account of her position. This conduct was not required by her position as a corporate officer and was, in fact, contrary to corporate policy"); Int'l Ins. Co. v. Johns, 874 F. 2d 1447, 1459 n. 22 (11th Cir. 1989) (observing: "We rely with confidence upon Delaware law to construe Florida corporate law. The Florida courts have relied upon Delaware corporate law to establish their own corporate doctrines.") (citations omitted); Homestore, Inc. v. Tafeen, 888 A.2d 204, 214 (Del. 2005) (holding "if there is a nexus or causal connection between any of the underlying proceedings . . . and one's official corporate capacity, those proceedings are 'by reason of the fact' that one was a corporate officer, without regard to one's motivation for engaging in that conduct"); Bernstein v. TractManager, Inc., 953 A.2d 1003, 1011 (Del. Ch. 2007) (noting Delaware courts have consistently held that the requisite nexus or causal connection is established "if the corporate powers were used or necessary for the

commission of the alleged misconduct"); <u>Cochran v. Stifel Fin. Corp.</u>, 2000 WL 1847676 (Del. Ch. Dec.13, 2000) <u>aff'd in part</u>, 809 A.2d 555 (Del. 2002); <u>Lieberman v. Electrolytic Ozone, Inc.</u>,  2015 WL 5135460 (Del. Ch. Aug. 31, 2015); <u>Weaver v. Zenimax Media, Inc.</u>, 2004 WL 243163 (Del. Ch. Jan. 30, 2004).