Wendell BROWN, Plaintiff,

v.

LIVEOPS, INC., a Delaware corporation, Defendant.

C.A. No. 1991–N.

Court of Chancery of Delaware, New Castle County.

Submitted: May 9, 2006.
Decided: June 12, 2006.

Philip A. Rovner, Esquire, Sarah E. DiLuzio, Esquire, Potter Anderson & Corroon, Wilmington, Delaware; Maureen A. Sheehy, Esquire, Tae H. Kim, Esquire, Townsend and Townsend and Crew, San Francisco, California, Attorneys for the Plaintiff.

Andre G. Bouchard, Esquire, James G. McMillan, III, Esquire, Bouchard Margules & Friedlander, Wilmington, Delaware; Richard P. Sybert, Esquire, Thomas J. Stoddard, Esquire, Kevin W. Alexander, Esquire, Gordon & Rees, San Diego, California, Attorneys for the Defendant.

## OPINION

LAMB, Vice Chancellor.

A former cofounder, officer, and director of a Delaware corporation brings this action to obtain advancement of attorneys' fees and expenses incurred in defending an action brought against him in California by the corporation, in which it was alleged that he wrongfully misappropriated the corporation's confidential information and used it in forming a competing enterprise. The main issue before the court is whether

the California action asserts claims against the plaintiff "by reason of the fact" that he was an officer, director, or employee of the Delaware corporation. That corporation, after proposing to amend its complaint by deleting any reference of wrongdoing arising out of the plaintiff's status as an officer or director, moves to dismiss this suit for advancement, contending that the California action solely concerns the plaintiff's misconduct following the termination of his employment. The court concludes that the claims asserted in the California action against the plaintiff directly arise out of his former position as an officer and director and that the mere relabeling of those claims does not change this operative reality. Thus, the motion to dismiss fails.

## I.

### A. *Parties*

The plaintiff, Wendell Brown, was the cofounder of CallCast, Inc., served on its board of directors, and was an officer and employee of the company from its inception in 2001 until it was acquired by the defendant, LiveOps, Inc. LiveOps, Inc. is a Delaware corporation which acquired all of the outstanding stock of CallCast pursuant to a merger agreement in June 2003.[1] After the acquisition, LiveOps became the successor entity to all of the rights and obligations of CallCast.

### B. *Facts*

Brown brings this action against LiveOps pursuant to 8 *Del. C.* § 145(k) seeking advancement of attorneys' fees and expenses incurred in defending an action pending in the United States District Court for the Northern District of California.[2] Brown also seeks reimbursement for the legal expenses of this advancement action. In the California action, LiveOps alleges that Brown violated its contractual and intellectual property rights by operating a competing business known as Teleo, Inc., which Brown formed after leaving the company in June 2003. Specifically, it is alleged that Brown, by virtue of his position as the cofounder, director, officer, and employee of CallCast, had access to confidential and proprietary information concerning LiveOps's business and customers, and that he wrongfully misappropriated the information and used it in forming Teleo. LiveOps asserts several claims against Brown and Teleo, including copyright infringement, unfair competition, misappropriation of trade secrets, conversion, and breach of a termination agreement. Brown contends that he returned all of the proprietary information to LiveOps when he left the company.[3]

Additionally, in the California action LiveOps brings claims against Brown for conspiracy, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. LiveOps alleges that "as chairman and cofounder, Brown had

---

**1.** The facts herein are taken from the well pleaded allegations of the complaint filed in this action, as well as from the complaint filed in the United States District Court for the Northern District of California, *LiveOps, Inc. v. Teleo, Inc., Wendell Brown,* C.A. No. C 05–03773 MJJ, and unless otherwise noted, are presumed to be true for purposes of this motion.

**2.** Section 145(k) of the Delaware General Corporation Law provides that "the Court of

Chancery is hereby vested with exclusive jurisdiction to hear and determine all actions for advancement of expenses or indemnification brought under this section or under any bylaw, agreement, vote of stockholders or disinterested directors, or otherwise."

**3.** Brown represented in the termination agreement that he had returned all property belonging to the company, including documents and files stored on his computer.

access to plaintiff's trade secrets and other confidential and proprietary information, and owed a fiduciary duty to act with the utmost good faith and fair dealing" to maintain the confidentiality of such information.[4] According to LiveOps, "both during and after the time Brown was still employed with plaintiff," he knowingly and willfully conspired to breach his fiduciary duties.[5]

However, in its brief and at oral argument, LiveOps represents to this court that it has determined *not to pursue these claims and will dismiss them.*[6] LiveOps submitted to the court a proposed amended complaint in the underlying California action marked to show the changes from the original complaint. The changes predominantly consist of deletion of any reference to Brown's conduct while he was at CallCast. Specifically, LiveOps has removed the phrases "by virtue of his position," "through Brown's position within plaintiff's employ," "which plaintiff acquired or maintained during the scope of Brown's employment with plaintiff," and "during and after the time Brown was still employed."

On or about January 23, 2006, Brown wrote to LiveOps demanding advancement of the expenses he will incur in defense of the California action in accordance with an indemnification agreement and the bylaws of CallCast. The indemnification agreement provides that the company shall advance expenses in connection with certain proceedings for which a right to indemnification may exist.[7] Section 1(b) of the agreement states that LiveOps:

> [S]hall indemnify Indemnitee if Indemnitee was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Company or any subsidiary of the Company to procure a judgment in its favor by reason of the fact that Indemnitee is or was a director, officer, employee or agent of the Company ... against expenses (including attorneys' fees) and, to the fullest extent permitted by law, amounts paid in settlement actually and reasonably incurred by Indemnitee in connection with the defense or settlement of such action or suit.

CallCast's bylaws contain similar provisions that provide for indemnification and advancement for directors and officers "to the fullest extent permitted by [the] General Corporation Law of Delaware."[8]

LiveOps argues that Brown has no right to advancement under the indemnification agreement or the bylaws because the claims asserted against him in the Califor-

---

4. Calif. Compl. 78.

5. Calif. Compl. 57, 58.

6. Presently, these claims remain in the underlying action.

7. The advancement provision provides that: [LiveOps] shall advance all expenses incurred by [Brown] in connection with the investigation, defense, settlement or appeal of any civil or criminal action, suit or proceeding referenced in Section 1(a) or 1(b) hereof.... [Brown] hereby undertakes to repay such amounts advanced only if, and *to the extent that,* it shall ultimately be determined that [Brown] is not entitled to be indemnified by the Company as authorized hereby.

8. The indemnification agreement states at *section 1(b) that the company shall provide* indemnification and advancement "to the fullest extent permitted by law," and the company's bylaws sections 9.1 and 9.3 provide for mandatory indemnification and advancement "to the fullest extent permitted by [the] General Corporation Law of Delaware." Both the indemnification agreement and the company's bylaws contain a "by reason of the fact" limitation that tracks section 145 of the Delaware General Corporation Law.

nia action do not arise "by reason of the fact" that he was a director or officer of the company. It contends that the claims asserted against him in the California action concern his personal misconduct *after* his termination as a director and officer of the company. According to LiveOps, "Brown's conduct was not taken on the company's behalf, and he was not performing a corporate function or acting in any recognizable 'official capacity' on behalf of his prior company when he committed these acts." [9] Therefore, it argues that Brown should not be afforded advancement of attorneys' fees and expenses for alleged misconduct that took place when he was no longer employed with the company.

Conversely, Brown contends that the underlying action asserts claims against him which directly arise out of his former position as a director and officer of Call-Cast. According to Brown, he would not have had access to the confidential and proprietary information alleged to have been misappropriated had he not been a corporate officer of CallCast. Essentially, Brown argues that he is entitled to advancement of his legal expenses because there is a causal connection between his role as an officer and director at CallCast and the claims asserted against him in the California action.

On March 9, 2006, Brown filed this action asserting three counts for relief: (1) Count I seeks advancement pursuant to the indemnification agreement, CallCast's bylaws, and Delaware law; (2) Count II asserts a claim for breach of the indemnification agreement for refusing to advance Brown's fees and expenses in the California action; and (3) Count III asserts a claim for reasonable legal expenses incurred in bringing this action for advancement. LiveOps moved to dismiss the complaint, the parties submitted briefs, and argument was held on May 9, 2006.

## II.

A motion to dismiss will be granted if it appears with reasonable certainty that the plaintiff could not prevail on any set of facts that can be inferred from the pleading.[10] That determination is generally limited to the factual allegations contained in the complaint. In considering this motion, the court is required to assume the truthfulness of all well pleaded allegations of fact in the complaint.[11] All facts of the pleadings and inferences that can reasonably be drawn therefrom are accepted as true.[12] However, a trial court need not blindly accept as true all allegations, nor must it draw all inferences from them, in the plaintiff's favor unless they are reasonable inferences.[13]

## III.

In the present matter, the court must determine whether Brown is due advancement pursuant to the indemnification agreement, the company's bylaws, and in light of section 145 of the Delaware General Corporation Law. Delaware courts have broadly construed mandatory advancement provisions to provide corporate officials with immediate interim relief from the personal out-of-pocket financial burden of paying the significant expenses often in-

9. Def.'s Opening Br. 12.

10. *Kohls v. Kenetech Corp.*, 791 A.2d 763, 767 (Del.Ch.2000).

11. *Grobow v. Perot*, 539 A.2d 180, 188 n. 6 (Del.1988).

12. *Id.*

13. *In re Lukens Inc. S'holders Litig.*, 757 A.2d 720, 727 (Del.Ch.1999).

volved in legal proceedings.[14] Here, the indemnification agreement and the company's bylaws state that the company shall advance expenses "to the fullest extent permitted by law."[15] Therefore, the plain terms of the indemnification agreement and the company's bylaws provide for mandatory advancement to the broadest extent possible under Delaware law.[16]

■ At issue in this case is whether the claims asserted against Brown in the California action "are by reason of the fact" that he was an officer, director, or employee of the company. The Delaware Supreme Court held in *Homestore v. Tafeen* that "if there is a nexus or causal connection between any of the underlying proceedings . . . and one's official corporate capacity, those proceedings are 'by reason of the fact' that one was a corporate officer, without regard to one's motivation for engaging in that conduct."[17] Therefore, this court must determined whether there is a "nexus or causal" connection between the claims asserted against Brown in the California action and Brown's official corporate capacity at CallCast.

After careful review of the underlying complaint in the California action, it is clear that the claims alleged against Brown are inextricably intertwined with his position as an officer and director of the company. This is so because the claims asserted against Brown in the underlying action directly arise out of his former position with CallCast and not solely after his termination from the company. For example, the copyright infringement and the misappropriation of trade secrets claims allege that Brown gained access to the company's source codes while he was a corporate official at the company.[18]

LiveOps's assertion that Brown is arguing a sweeping "but for" causation test for advancement, "namely, that any connection, no matter how indirect or attenuated with a person's past tenure as a corporate director or officer, brings subsequent conduct within advancement and indemnity clauses," is amiss.[19] The claims asserted in the California action are not, as LiveOps suggests, tenuously related to Brown's status as a corporate official. To the contrary, the facts alleged and the claims asserted in the California action are directly related to Brown's status as cofounder, officer, and director of CallCast.[20] The

---

14. *Homestore v. Tafeen*, 888 A.2d 204, 211 (Del.2005) (explaining that "advancement is an especially important corollary to indemnification as an inducement for attracting capable individuals into corporate service").

15. *See supra* note 8.

16. *Homestore*, 888 A.2d at 213 (holding that the scope of an advancement proceeding is usually limited to determining the issue of entitlement in accordance with the corporation's own uniquely crafted advancement provisions).

17. *Id.* at 215, adopting the holdings of *Perconti v. Thornton Oil Corp.*, 2002 WL 982419, at *3–5, 2002 Del.Ch. LEXIS 51, at *12–21 (Del. Ch. May 3, 2002) and *Reddy v. Elec. Data Sys. Corp.*, 2002 WL 1358761, at *5–7, 2002 Del.

Ch. LEXIS 69, at *14–21 (Del.Ch. June 18, 2002).

18. LiveOps's alleged remedy under its misappropriation of trade secrets claim (which LiveOps has not proposed to amend) is for Brown "to refrain from using plaintiff's trade secrets and other confidential and proprietary information *acquired during the scope of Brown's employment with plaintiff.*"

19. Def.'s Reply Br. 1.

20. *See DeLucca v. KKAT Mgmt.*, 2006 WL 224058 at *5, 2006 Del.Ch. LEXIS 19 at *16–18 (Del.Ch. Jan. 30, 2006) (although interpreting a broader advancement provision, the court awarded advancement based on claims that an employee misused the company's confidential information for her own personal

complaint explicitly alleges that Brown wrongly retained and copied the proprietary information while he was at CallCast.[21] Therefore, the court cannot reasonably conclude that the allegations are strictly confined to his actions after his termination as a director and officer of the company.

In *Perconti v. Thornton Oil Corp.*, this court, in the context of an indemnification action, addressed the issue of whether claims were brought against the plaintiff "by reason of the fact" that he was an officer of the company.[22] In *Perconti*, the former corporate officer was indicted on criminal counts of embezzlement and money laundering arising from his use of corporate funds to personally invest in the petroleum future markets.[23] The court held that the relevant inquiry was "whether the criminal scheme is alleged to have employed the corporate powers (or, for example, confidential inside information acquired through the corporate status) conferred upon the officer by virtue of his status."[24] Here, like in *Perconti*, Brown's corporate powers were used, and were

necessary, for the commission of the alleged misconduct.

LiveOps argues that Brown no longer has a right to advancement because it has proposed to amend its complaint and remove all of the claims that pertain to his conduct while he was a director and officer at CallCast. The court acknowledges that, in deciding these matters, it must "look to the claims as they are actually pled."[25] However, this court looks to substance as well as form, and it would be inequitable to allow LiveOps to evade advancement by simply crossing out the phrases "by virtue of his position," "through Brown's position within plaintiff's employ," "which plaintiff acquired or maintained during the scope of Brown's employment with plaintiff," and "during and after the time Brown was still employed." As explained above, the California action asserts claims against Brown directly arising out of his former position as cofounder, director, and officer of CallCast. "The labeling of the counts against him in the [California] action does not obscure this reality."[26]

---

benefit in violation of the company's operating agreements).

21. Calif. Compl. 26 ("Plaintiff is informed and believes that Brown failed to return to plaintiff at the termination of his employment, and took with him plaintiff's documents, trade secrets and other confidential and proprietary information belonging to plaintiff."); *see also* Calif. Compl. 31, 42, 49, 56–62, 76–83.

22. 2002 WL 982419 at *3–5, 7, 2002 Del.Ch. LEXIS at *12–19, 26–29.

23. *Id.*

24. *Id.* at *7, 2002 Del.Ch. LEXIS at *24–26 (holding that "it was his status as officer that enabled him to embezzle … clearly he could not have made the excessive investments in the commodities market on behalf of Thornton without the authority arising from his executive position").

25. *See Stengel v. Sales Online Direct, Inc.*, Del.Ch. C.A. No. 18448 at *8 (Jan. 2, 2002), *aff'd*, 783 A.2d 124 (Del.2002). *Stengel* is an unpublished bench ruling in which this court denied advancement after the defendants redrafted their complaint and dropped earlier claims for breach of fiduciary duty because it was satisfied that the claims pled against the plaintiff in the amended complaint did not accuse him of "wrongdoing arising out of his status as an officer or director." Here, the court is not satisfied that the defendants have removed all of the claims arising from Brown's capacity as a former director and officer of CallCast.

26. *See Reddy*, 2002 WL 1358761 at *6 n. 15, 2002 Del.Ch. LEXIS at *20 n. 15 (distinguishing *Stengel* and rejecting the defendant's argument that the court must deny advancement because the underlying complaint did not specifically allege that the plaintiff committed a breach of fiduciary duty).

Moreover, LiveOps's representation to this court that it does not plan to pursue the conspiracy and breach of fiduciary claims against Brown in California rings hollow. If the facts reveal that the acts of misappropriation occurred during Brown's tenure as director and officer at CallCast, not only is there nothing preventing LiveOps from pursing this claim, but it is highly probable that it will go down this path in the California action.[27] Finally, if Brown is successful in defending this suit and it is found that Brown did not improperly take advantage of his position as a director and officer of the company by misappropriating confidential corporate information, it is possible that Brown may be entitled to indemnification under the company's broad mandatory indemnification agreement.[28]

The court concludes that it is apparent from the face of the complaint in the California action that the claims asserted against Brown arise "by reason of the fact" that he was a director or officer of CallCast. The gravamen of the underlying complaint is that Brown had access to proprietary information by reason of the fact that he was a director and officer of CallCast and that he wrongly used that information for his personal benefit. Accordingly, the motion to dismiss must be denied.[29]

## IV.

For the foregoing reasons, the defendant's motion to dismiss is DENIED. IT IS SO ORDERED.

27. For example, in order to make a claim for misappropriation of trade secrets, LiveOps could prove either:
(1) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means or
(2) disclosure or use of a trade secret of another without express or implied consent by a person who: (A) used improper means to acquire knowledge of the trade secret; or (B) at the time of the disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was: (i) derived from or through a person who had utilized improper means to acquire it; (ii) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (iii) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.
Cal. Civ.Code § 3426.1.

28. *See Homestore*, 888 A.2d at 211 ("the ultimate right to keep payments characterized as an 'advancement' depends upon whether the former corporate official is entitled to indemnification").

29. The court denies the defendant's motion to dismiss with respect to all three counts asserted in this action.