**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

ANDRE G. BOUCHARD
CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: March 23, 2016
Date Decided: June 3, 2016

Kathaleen S. McCormick, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

Arthur L. Dent, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, DE 19801

RE: ***Thompson v. ORIX USA Corp.***
C.A. No. 11746-CB

Dear Counsel:

On March 23, 2016, I heard argument on cross-motions for summary judgment in this action. This letter constitutes my decision on the claim for advancement of expenses relating to the Preston Hollow Action, as defined below. The claim for advancement regarding the recently withdrawn declaratory judgment claims that were asserted in separate actions will be addressed at a later date.

## I.   BACKGROUND

Unless noted otherwise, the facts recited in this letter decision are based on the undisputed allegations of the Verified Complaint for Advancement and certain documentary exhibits submitted by the parties that are not factually disputed.

### A.   The Parties

Plaintiff James R. Thompson is the founder and Chief Executive Officer of Preston Hollow Capital, LLC ("Preston Hollow"). From April 1997 until December 31, 2013, Thompson worked in various roles for ORIX USA Corporation ("ORIX USA") and ORIX Capital Markets, LLC ("ORIX Capital"), including as Chairman of ORIX Capital from 1997 until 2013, and as CEO and a director of ORIX USA from 2004 to 2013.[1]

Plaintiff Clifford Weiner works at Preston Hollow. Before joining Preston Hollow, Weiner served as an employee and officer at ORIX USA from August 1997 until January 2014, with a two-year sabbatical between 2007 and 2008.[2]

Defendant ORIX USA is a Delaware corporation, and defendant ORIX Capital is a Delaware LLC. The principal place of business for both ORIX USA and ORIX Capital (collectively, the "ORIX Entities") is in Dallas, Texas. The

---

[1] Compl. ¶ 7.

[2] Compl. ¶¶ 8, 10.

ORIX Entities provide various financial services. Preston Hollow allegedly competes with the ORIX Entities.

### B.     Employment at ORIX and the Formation of Preston Hollow

When Thompson and Weiner began working for the ORIX Entities in 1997, they agreed to compensation packages that included shares of any increase in the enterprise value of the ORIX Entities.[3] In November 2013, the ORIX Entities decided on a replacement for Thompson as CEO, and Thompson submitted his resignation, effective December 31, 2013.[4] In the meantime, Thompson had begun planning his next career move, forming Preston Hollow in late 2013. He was its sole member. In January 2014, the ORIX Entities terminated Weiner's employment, and Weiner also began working for Preston Hollow.[5]

### C.     The Litigation and Procedural Posture

Around the time of their departures, Thompson and Weiner told the ORIX Entities that they planned to exercise their enterprise value options, but the ORIX Entities refused to make these payments. This led Thompson and Weiner to sue

---

[3] Compl. ¶ 9.

[4] Compl. ¶ 11.

[5] Compl. ¶ 12.

the ORIX Entities in state court in Dallas (the "Dallas Actions") on October 31, 2014 and August 7, 2015, respectively.[6]

On October 23, 2015, ORIX USA filed suit against Preston Hollow in the United States District Court for the Eastern District of Texas (the "Preston Hollow Action").[7] The complaint in that case did not name Thompson or Weiner as defendants, but it implicated their conduct. For example, ORIX USA alleged that Preston Hollow tortiously interfered with the contractual relations between ORIX USA and Thompson, Weiner, and two other former ORIX USA employees.

On October 28, 2015, plaintiffs sent a letter to counsel for the ORIX Entities demanding advancement under the provisions of ORIX Capital's LLC agreement (the "LLC Agreement") or, in the alternative, that the ORIX Entities provide a binding confirmation that they would not commence any claims or counterclaims against plaintiffs relating to their conduct as officers or employees of the ORIX Entities.[8] On November 5, 2015, the ORIX Entities informed plaintiffs that they

---

[6] Compl. ¶ 13. Bradley Aff. Exs. 3, 6.

[7] Compl. Ex. D. ORIX USA amended its complaint on December 18, adding a claim for conversion and making other changes. Third-Party Compl. Ex. A at ¶¶ 75-80.

[8] Compl. Ex. H at 1-3.

would not provide advancement, noting that they were aware of no pending or threatened claims against them.[9]

On November 23, 2015, plaintiffs filed amended petitions in their respective cases in the Dallas Actions that added new counts seeking declaratory judgments that they had not breached any obligations they owed the ORIX Entities.[10] These declaratory judgment claims were recently withdrawn.

On November 24, 2015, plaintiffs filed the complaint in this action, seeking advancement under the LLC Agreement and ORIX USA's certificate of incorporation (the "ORIX USA Charter").[11] On December 17, they moved for summary judgment. On December 29, the ORIX Entities filed a third-party complaint against Preston Hollow and PHC Fund I, LP, an entity controlled by Preston Hollow, seeking a declaration that those entities must provide at least an equal share of any advancement or indemnification provided by the ORIX Entities.[12] No further actions have been taken regarding the third-party complaint.

---

[9] Compl. Ex. C.

[10] Compl. Ex. F, Plaintiff James R. Thompson's Second Amended Petition, ¶¶ 77-80; Compl. Ex. G, Plaintiff Clifford Weiner's First Amended Petition, ¶¶ 72-75.

[11] Compl. ¶ 25.

[12] Third-Party Compl. ¶¶ 26-33.

On December 30, 2015, defendants filed their own motion for summary judgment on plaintiffs' advancement claims. After briefing, I heard argument on the cross-motions for summary judgment on March 23, 2016.

## II.   LEGAL ANALYSIS

### A.   Legal Standard

This Court will grant a motion for summary judgment if the pleadings and materials submitted to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[13] Both sides have moved for summary judgment regarding advancement under the ORIX USA Charter, while only defendants have moved for summary judgment regarding the LLC Agreement. I address these provisions in turn.

### B.   Advancement Under the ORIX USA Charter

General rules of contract interpretation apply to construing provisions in charters, including advancement provisions. I will therefore "give language which is clear, simple, and unambiguous the force and effect required."[14] This Court construes mandatory advancement provisions broadly in order to effectuate

---

[13] Ct. Ch. R. 56(c).

[14] *Hibbert v. Hollywood Park, Inc.*, 457 A.2d 339, 343 (Del. 1983).

Delaware's policy of quickly providing temporary relief from substantial litigation expenses.[15]

Article 8(b) of the ORIX USA Charter contains the following provision governing indemnification and advancement:

> Each person who was or is a director, officer or employee of the Corporation and who was or is a party or is threatened to be made a party to or is involved in any threatened, pending or completed action, suit or proceeding . . . by reason of the fact that he was or is a director, officer, employee or agent of the Corporation . . . shall be indemnified and held harmless by the Corporation to the fullest extent permitted by applicable law.

> The right to indemnification conferred in this ARTICLE 8 shall also include the right to be paid by the Corporation the expenses incurred in connection with any proceeding in advance of its final disposition to the fullest extent authorized by applicable law.[16]

The advancement rights in this provision can be broken into three requirements. First, the provision covers a person "who was or is a party or is threatened to be made a party to or is involved in any threatened, pending or completed action . . . ." Second, the person's involvement in the action must be "by reason of the fact that he was or is a director, officer, employee or agent of the Corporation." Third, advancement is provided only for "expenses incurred *in connection with* any

---

[15] *See Brown v. LiveOps, Inc.*, 903 A.2d 324, 327-28 (Del. Ch. 2006).

[16] ORIX USA Charter, Compl. Ex. A, at art. 8(b).

proceeding."[17] I address whether plaintiffs have satisfied these three requirements with respect to the Preston Hollow Action, in turn, below.

### 1. Plaintiffs Are Involved in the Preston Hollow Action

Plaintiffs argue that they meet the first requirement despite not being named as parties in the Preston Hollow Action because they are "involved in" that action based on the fact that one of the grounds for ORIX USA's tortious interference claim against Preston Hollow focuses on the plaintiffs' conduct. To that end, plaintiffs express concern that they may need to sit for depositions or respond to discovery requests in the litigation.[18] In response, defendants argue that plaintiffs are not involved in the Preston Hollow Action because they are not parties and because, at most, "someday they might be affected by that case."[19]

---

[17] *Id.* (emphasis added). In addition, the ORIX USA Charter begins with a qualification that the provision covers only people who are or were directors, officers, or employees. This qualification appears to be duplicative of the "by reason of" requirement addressed here.

[18] Tr. Oral Arg. 26, Mot. Expedite (Dec. 8, 2015) (defendants indicating that deposing plaintiffs would be likely). At oral argument on the summary judgment motion, the ORIX Entities acknowledged that Thompson and Weiner probably would be required to respond to document requests but would not be deposed in the Preston Hollow Action. *See* Tr. Oral Arg. 59-61, Mot. Summ. J. (Mar. 23, 2016). Plaintiffs concede that any advancement obligations ORIX USA has are only toward Thompson and Weiner individually, and not toward Preston Hollow, although they caution that making categorical divisions at the advancement stage could be difficult. *Id.* at 45-48.

[19] Defs.' Op. Br. 30.

To the extent plaintiffs seek coverage of their own costs arising from the Preston Hollow Action, it is clear that they are "involved in" that action even though they have not being named as parties. The case plainly puts their conduct directly at issue, and plaintiffs are indisputably connected to Preston Hollow. Plaintiffs presumably already have or likely will incur costs relating to document requests. They also may have incurred some costs in assessing their possible roles in the case in the event that they are later named as defendants or are eventually deposed. Plaintiffs have thus satisfied the first requirement for advancement under the ORIX Charter relating to the Preston Hollow Action.

### 2. Plaintiffs' Involvement in the Preston Hollow Action Is by Reason of Their Corporate Statuses

The second requirement is that plaintiffs' involvement in the Preston Hollow Action must be *by reason of* their former status as directors, officers, employees, or agents of ORIX USA.[20] The operative test is whether a "causal connection or nexus" exists between the underlying proceedings and the individual's corporate capacity.[21]

---

[20] ORIX USA Charter at art. 8(b).

[21] *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 213 (Del. 2005).

Plaintiffs assert that certain claims in the Preston Hollow Action demonstrate a causal nexus between the action and plaintiffs' former corporate capacities. Specifically, plaintiffs argue that the Preston Hollow Action implicates their status as former officers and employees of ORIX USA by alleging that Preston Hollow induced them (and others) to breach their fiduciary duties to ORIX USA.[22] They also contend that the Preston Hollow Action implicates plaintiffs' corporate capacities because the complaint in that action alleges that they misappropriated confidential information to which they had access because of their positions at ORIX USA.[23]

Defendants counter that the Preston Hollow Action was not brought by reason of plaintiffs' corporate status for a number of reasons. First, they argue that the allegedly misappropriated confidential information was not learned in plaintiffs' corporate capacities, but rather was obtained through action that "any [ORIX USA] employee could take."[24] According to defendants, a causal nexus to

---

[22] Pls.' Op. Br. 33; Preston Hollow Complaint at ¶ 45. The amended complaint changed the relevant language from "breach of the fiduciary duties owed by employees to ORIX USA" to "breach of the loyalty owed by the employees . . . ." Third-Party Compl. Ex. A at ¶ 61. In my view, this change does not alter the substance of the underlying allegations.

[23] Pls.' Op. Br. 33.

[24] Defs.' Ans. Br. 17.

plaintiffs' corporate status requires that "the corporate powers were used or necessary for the commission of the alleged misconduct."[25]

In *Brown v. LiveOps* and *Pontone v. Milso*, the Court found an entitlement to advancement for directors and officers who were accused of misappropriating confidential information that they were able to access because of their corporate capacities.[26] Those cases focused on their status as directors and officers.[27] Here, Article 8(b) of the ORIX USA Charter not only covers directors and officers, it also covers one's involvement "by reason" of his or her status as an ***employee***.[28] Consequently, even if defendants are correct that the allegedly misappropriated information was accessible to all employees and not only to officers or directors such that Thompson and Weiner could be said to have not used their corporate powers to obtain such information (a questionable proposition in my view), their

---

[25] *Bernstein v. TractManager, Inc.*, 953 A.2d 1003, 1011 (Del. Ch. 2007).

[26] *Pontone v. Milso Indus. Corp.*, 100 A.3d 1023, 1052-53 (Del. Ch. 2014); *Brown*, 903 A.2d at 330.

[27] As is the case here, the provision in *Brown* covered directors, officers, and employees, *id.* at *326, but the opinion did not squarely address the question of employee access because plaintiff's access in that case appeared to be by reason of his status as a cofounder, officer, and director, and not necessarily as an employee. *Id.* at *328.

[28] ORIX USA Charter at art. 8(b).

conduct is still encompassed under the advancement provision in the ORIX USA Charter.

Defendants next contend that the Preston Hollow Action was not brought by reason of plaintiffs' corporate status, but instead arose out of plaintiffs' employment agreements or out of actions plaintiffs took in their personal capacities or as officers of Preston Hollow.[29] Relying on *Weaver v. ZeniMax* and *Paolino v. Mace*, defendants argue that conduct related to an employment agreement cannot be the subject of advancement.[30] But in *Weaver*, the mandatory indemnification and advancement provisions at issue only covered actions by reason of a person's status as an officer or director, not as an employee.[31] Indeed, the Court distinguished those provisions from the company's *permissive* indemnification provision, which covered employees.[32]

---

[29] Defs.' Op. Br. 32; Defs.' Ans. Br. 18.

[30] *Weaver v. ZeniMax Media, Inc.*, 2004 WL 243163 (Del. Ch. Jan. 30, 2004); *Paolino v. Mace Sec. Int'l, Inc.*, 985 A.2d 392 (Del. Ch. 2009).

[31] *Weaver*, 2004 WL 243163, at *2.

[32] *Id.* ("Article 5 of ZeniMax's bylaws provides that indemnification is mandatory for those cases brought 'by reason of the fact that such person is or was a director or officer of the Corporation' and that indemnification is permissive if brought 'by reason of fact that such person is or was an employee or agent of the Corporation.'"); *id.* at *5 ("[U]nder ZeniMax's bylaws, it is permissive to advance funds for this employment related claim but the corporation has chosen not to do so and it is not required to do so.").

Defendants' reliance on *Paolino v. Mace* also is misplaced. Defendants argue that claims brought against an officer for breaches of an employment agreement are not "by reason of the fact" of the officer's position with the company. But *Paolino* specifically notes that the causal nexus test will generally be satisfied for "a claim against a director or officer for matters relating to the corporation . . . even if the individual was a party to an employment agreement."[33] The Court in that case found it puzzling that defendants contended their claims for breach of contractual, statutory, and common law duties did not trigger advancement rights,[34] noting that advancement would have been unavailable only if the claim "clearly involve[d] a specific and limited contractual obligation without any nexus or causal connection to official duties."[35] In my view, the

___

Here, because the provision is mandatory for actions by reason of one's status as an employee as well as a director or officer, defendants cannot opt out of advancement.

[33] *Paolino*, 985 A.2d at 406.

[34] *See id.* at 403.

[35] *See id.* at 407. *Weaver* drew a similar distinction, noting that the claim in that case for taking more vacation time than was provided in the relevant employment contract was different from fiduciary claims for mismanagement or general misconduct. 2004 WL 243163, at *3-5.

claims at issue here "challenge [plaintiffs'] conduct generally and [their] alleged failings in [their] official capacity," thus triggering their advancement rights.[36]

Defendants next argue that plaintiffs are not entitled to advancement because their actions were taken to benefit themselves or Preston Hollow. But even if this is true, their involvement in the case is nonetheless by reason of their former status at ORIX USA and the obligations that those statuses entailed.[37] Indeed, if self-interest or divided loyalty could deprive directors and officers of advancement, it illogically would be unavailable when it would be needed most.

Finally, defendants point out that advancement should not be available in relation to conduct that took place after plaintiffs left ORIX USA.[38] It may be true that some of the conduct at issue occurred after plaintiffs left ORIX USA. But, in contrast to a case such as *Charney v. American Apparel*, it is far from clear how

---

[36] *Paolino*, 985 A.2d at 407.

[37] *See Homestore*, 888 A.2d at 213-14 (holding that if causal nexus exists between proceedings and official capacity, proceedings are "by reason of" official capacity regardless of selfish motivations for misconduct); *see also Konstantino v. AngioScore, Inc.*, 2015 WL 5770582, at *12 (Del. Ch. Oct. 2, 2015), *as revised* (Oct. 9, 2015) (noting that advancement had been made available available for claim that director had breached fiduciary duties to company in order to benefit another company he had created).

[38] Defs.' Op. Br. 36 (citing *Bernstein*, 953 A.2d at 1011 ("Of course, the conduct complained of must occur at a time when one is a corporate officer or director.")).

much, if any, of the conduct at issue took place after plaintiffs' disaffiliation.[39]

Rather than engage in a line-drawing exercise now, it is more appropriate in my view for counsel to monitor the expenses for which advancement is requested and address granular disputes as necessary at the indemnification stage.

### 3. Expenses Must Be in Connection with Preston Hollow Action

The third requirement for advancement in the ORIX USA Charter limits plaintiffs' entitlement to advancement for expenses they incur "in connection with" the Preston Hollow Action.[40] Although this limitation may seem commonsensical, it is particularly important here and requires that plaintiffs' expenses be separated carefully from Preston Hollow's. Plaintiffs are not parties in the litigation and may not receive advancement for expenses relating to Preston Hollow's litigation of the case. Acceptable expenses may relate, for example, to document discovery and depositions involving the plaintiffs, and analysis of their exposure and potential future involvement as parties. But acts taken in plaintiffs' capacities as representatives of Preston Hollow, such as depositions under Court of Chancery

---

[39] *See Charney v. Am. Apparel, Inc.*, 2015 WL 5313769, at \*16 (Del. Ch. Sept. 11, 2015). *See also Pontone*, 100 A.3d at 1053 (finding that action was "by reason of" former corporate status because advancement plaintiff misappropriated information during his corporate tenure, even though his scheme to misuse it commenced after his departure).

[40] ORIX USA Charter at art. 8(b).

Rule 30(b)(6), are not eligible for advancement. In sum, plaintiffs are entitled to advancement under the ORIX USA Charter for the expenses they incur based on their involvement in the Preston Hollow Action, but these expenses should not include any of Preston Hollow's own litigation costs.

## C.     Advancement Under the LLC Agreement

Defendants have moved for summary judgment regarding advancement under the LLC Agreement of ORIX Capital. The indemnification and advancement provisions in the LLC Agreement state, in relevant part, as follows:

> 6.01   Right to Indemnification. Subject to the limitations and conditions as provided in this Article VI, each Person who was or is made a party or is threatened to be made a party to or is involved in any threatened, pending or completed action . . . by reason of the fact that he, or a Person of whom he is the legal representative, is or was a Manager, Member, Officer or employee of the Company shall be indemnified by the Company to the fullest extent permitted by the Act . . . .

> 6.02   Advance Payment. The right to indemnification conferred in this Article VI shall include the right to be paid or reimbursed by the Company the reasonable expenses incurred by a Person of the type entitled to be indemnified under Section 6.01 who was, is or is threatened to be made a named defendant or respondent in a Proceeding in advance of the final disposition of the Proceeding . . . .[41]

---

[41] LLC Agreement, Compl. Ex. B, at §§ 6.01-6.02.

These provisions are similar in many respects to those of the ORIX USA Charter.[42]

But defendants point out one important difference:  unlike the ORIX USA Charter, which covers a person who is "involved in" a proceeding, the LLC Agreement provides advancement only for expenses incurred by a person who is threatened to be named a defendant or respondent in a Proceeding.[43]

Although defendants have avoided naming plaintiffs as defendants thus far, plaintiffs have raised a number of facts suggesting they have been "threatened" to be named defendants, including a letter sent by ORIX USA threatening to disqualify counsel if they represented plaintiffs in the Preston Hollow Action,[44] defendants' refusal to confirm that plaintiffs would not be named as defendants in that action, and the fact that plaintiffs' alleged misconduct has already been placed at issue in the litigation.  Thus, plaintiffs have raised a genuine question of fact in

---

[42] Thus, to the extent defendants made the same arguments with respect to the LLC Agreement that they made concerning the ORIX USA Charter, defendants' arguments would fail for the reasons discussed above. *See supra* Part II.B.1-2.

[43] Defs.' Op. Br. 31.

[44] Pls.' Op. Br. 27.

my view as to whether they are threatened to be named defendants. For this reason, defendants' motion for summary judgment must be denied.[45]

### D. Fees for Fees

Plaintiffs who successfully prosecute an advancement suit are generally entitled to an appropriate award of fees for the expenses incurred in litigating the suit, unless the parties have agreed otherwise.[46] Thus, plaintiffs are entitled to fees for establishing a right to advancement of expenses relating to the Preston Hollow Action under the ORIX USA Charter. Counsel for plaintiffs are instructed to make a good faith allocation of expenses for litigating this part of their suit. Fees for the undecided portion of the case will be addressed at a later date.

## III. CONCLUSION

For the foregoing reasons, plaintiffs' motion for summary judgment regarding advancement under the ORIX USA Charter for expenses they incur in connection with the Preston Hollow Action is GRANTED. Defendants' motion

---

[45] In briefing, defendants also argued that Weiner did not qualify for advancement under the LLC Agreement because he was not an officer, director, or employee of ORIX Capital. But plaintiffs argued that he still qualifies under the relevant provisions as an "agent" of ORIX USA, which is a member of ORIX Capital. At argument, defendants conceded that this assertion might be correct, precluding summary judgment. Tr. Oral Arg. 101-02.

[46] *Stifel Fin. Corp. v. Cochran*, 809 A.2d 555, 560-62 (Del. 2002); *Reddy v. Elec. Data Sys. Corp.*, 2002 WL 1358761, at *9 (Del. Ch. June 18, 2002).

for summary judgment regarding advancement under the ORIX USA Charter and the LLC Agreement for expenses incurred in connection with the Preston Hollow Action is DENIED. Decision is reserved on both parties' motions regarding advancement for the withdrawn declaratory judgment claims in the Dallas Actions.

The parties are instructed to submit a form of order within ten days implementing these rulings and setting forth procedures for the payment of advancement consistent with the order the Court entered in *Konstantino v. AngioScore, Inc.*,[47] as modified on December 12, 2014.

Sincerely,

*/s/ Andre G. Bouchard*

Chancellor

AGB/gp

---

[47] C.A. No. 9681-CB (Del. Ch. Sept. 22, 2014) (ORDER).