# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

PANZURA HOLDINGS, LLC and PANZURA LLC,

        Plaintiff,

v.

JILL STELFOX, STEVEN STELFOX, SHELBY STELFOX and LARRY BRENT MCCLURE,

        Defendants.

_____

JILL STELFOX,

        Counterclaim Plaintiff,

v.

PANZURA HOLDINGS, LLC,

        Counterclaim Defendant.

C.A. No. 2025-0378-DH

## ORDER

WHEREAS:

A. Panzura Holdings, LLC and Panzura, LLC ("Holdings") filed a Verified Complaint for Declaratory and Injunctive Relief regarding advancement against Jill Stelfox ("Stelfox") and others on April 8, 2025. D.I. 1.

B. Stelfox filed an Answer and Counterclaims on May 7, 2025. D.I. 13.

C. The parties filed Cross Motions for Summary Judgment. D.I. 16, 31.

D. After briefing and oral argument, the Court granted Stelfox's Motion for Summary Judgment and denied Panzura's. D.I. 53.

E. The Court granted the parties' stipulated *Fitracks* Order Governing Advancement on August 6, 2025. D.I. 55.

F. Stelfox filed her First Application for Improperly Disputed Advancement Fees and Expenses ("Stelfox First Application") on September 30, 2025. D.I. 60.

G. Stelfox filed her Second Application for Improperly Disputed Advancement Fees and Expenses ("Stelfox Second Application") on November 10, 2025. D.I. 71.

H. The Court heard oral argument on both applications on February 26, 2025.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 16th day of March, 2026, as follows:

1. "Under Delaware law, an indemnitee may recover only those fees and legal expenses that are reasonably incurred." *O'Brien v. IAC/Interactive Corp.*, 2010 WL 3385798, at \*5 (Del. Ch. Aug. 27, 2010). Further, the indemnitor (Holdings) bears the burden of proving that indemnification (and consequently advancement) is not required. *Stockman v. Heartland Indus. P'rs, L.P.*, 2009 WL 2096213, at \*13 (Del. Ch. July 14, 2009). Stelfox, however, still bears the burden

2

of demonstrating that the fees are reasonable. *See, e.g.*, *Citadel Hldg. Corp. v. Roven*, 603 A.2d 818, 825 (Del. 1992).

2. The Court determines reasonableness through three inquiries: (1) whether the expenses were paid or incurred; (2) whether the services rendered were "thought prudent and appropriate in the good faith professional judgment of competent counsel;" and (3) whether the charges for those services were at a rate "charged to others for the same or comparable services under comparable circumstances." *Delphi Easter P'rs Ltd. P'ship v. Spectacular P'rs, Inc.*, 1993 WL 328079, at *9 (Del. Ch. Aug. 6, 1993). When an attorney offers a good faith certification that the fees are reasonable, the Court is disinclined to deny advancement of the expenses absent an adequate showing of gross abuse. See *Weil v. VEREIT Operating P'ship, L.P.*, 2018 WL 834428, at *8, 11 (Del. Ch. Feb. 13, 2018).

3. Holdings's first objects to Stelfox's contingent fee arrangement with Delaware Counsel where Stelfox was required to pay Counsel 50% of their typical fee if she was not entitled to advancement but would pay 150% of the typical fee if entitlement were found.[1]

---

[1] Stelfox First Application, Ex.3.

3

4. Our Courts have found similar contingent premiums to be "actually incurred" if the indemnitee has paid or owes representing counsel. *O'Brien*, 2010 WL 3385798, at \*5–7. These contingency fees are payable at the advancement stage. *Id.* at \*7. A 50% contingency premium has also been found reasonable. *IAC/InterActiveCorp v. O'Brien*, 26 A.3d 174, 179 (Del. 2011).

5. Panzura owes the contingency premium fees to Stelfox. As opposed to the situation in *O'Brien*, there was incentive here for Delaware Counsel not to "run up" the billing since Stelfox was still responsible for at least 50% of the standard fees. She has paid fees to or owes them to Counsel. It has been incurred, and the 50% premium is reasonable.[2]

---

[2] The public policy purpose for advancement generally is to protect those in corporate governance from having to pay out of pocket to defend themselves from lawsuits that result from performance of their duties. Advancement furthers a remedial purpose. Covered parties should be able pursue litigation strategy for claims arising from their official duties. *See Homestore, Inc. v. Tafeeen*, 886 A.2d 502, 505 (Del. 2005) (quoting the decision below). A question persists—*when* should premiums above the normal fees be paid? Based on the public policy purpose, there is a viable argument that the premium portion (above the standard fee) should be paid at the indemnification rather than advancement stage since representing counsel is fully compensated their standard fees at advancement. Failure to advance the premium does not hinder the covered party from freely making litigation strategy or engaging counsel in her defense. Declining to advance premiums would foreclose the indemnitor from having to clawback such premiums should the indemnitor prevail. Moreover, where the premiums apply only to fees on fees, the defending entity exposes itself to double penalties if it fails to prevail at the advancement stage: not only must it pay the contractually guaranteed advancement right, but an additional premium for advancee counsel's success. But this is a question for another day.

6.      Second, Panzura objects to the Cochran Firm's fees.[3]  The focus of the argument is on oral modification of the original contingent fee agreement into an hourly arrangement.  Panzura desires additional discovery into the fee agreements before it will agree to pay.  Both sides agree that Stelfox acknowledged the oral modification.  Panzura argues that Stelfox has not provided support for the ability to orally modify the fee agreement.

7.      California Business and Professions Code (CBPC) Section 6147 governs contingent fee agreements.  It requires that contingent fee agreements be in writing.  CBPC § 6147(a).  Even so, failure to do so "renders the agreement voidable at the option of the plaintiff, and the attorney shall thereupon be entitled to collect a reasonable fee."  CBPC § 6147(b).  Panzura's reliance on *Missakian v. Amusement Indus., Inc.* is misplaced.  285 Cal. Rptr. 3d 23 (Cal. Ct. App. 2021).  There, in-house counsel argued that CBPC section 6147 did not apply to in-house attorneys because in-house counsel received wages, not fees.  *Id.* at 29.  The California court disagreed and ruled that the oral contract was *voidable*.  *Id.* at 29–30 (emphasis added).

8.      This is no different.  Stelfox has the option of voiding the contract with the Cochran Firm.  She does not wish to do so.  No such option exists for Holdings because it is not party to the contract.  The oral modification remains valid.

---

[3] The Cochran Firm is Stelfox's California Counsel.

9.     Stelfox's Delaware Counsel's affidavit affirms that the Cochran Firm's fees, submitted time entries, and expenses are reasonable under Delaware Lawyers' Rule of Professional Conduct 1.5(a).[4]  Panzura owes Stelfox the Cochran Firm's fees.

10.     Third, Panzura objects to fees related to a Motion to Disqualify its California Counsel, Ropes & Gray, LLP.  Stelfox contends that this qualifies for advancement because there was a cross-complaint in the California action.

11.     The test for such an arrangement at the advancement stage is whether the work that benefits both covered and non-covered claims would have been performed absent the non-covered claims.  *Weil*, 2018 WL 834428, at *7.

12.     Here I find that a Motion to Disqualify would have been filed absent the non-covered claim.  Stelfox was entitled to file the motion based on her defense of the California cross-complaint.  The fact that it could have also impacted counsel in the original complaint has no bearing.  Therefore, at the advancement stage, Stelfox is entitled to payment.

13.     Fourth, Panzura objects to subpoenas issued and other motions filed in the California matter.  Stelfox argues that the subpoenas and motions relate, partly, to the cross-complaint.

---

[4] Stelfox First Application, Ex. 1.

6

14. I will not delve into the minutiae of the subpoenas and other motions at this stage. Our Court has held:

> in actions where only certain claims are advanceable, the Court generally will not determine at the advancement stage whether fee requests relate to covered claims or excluded claims, unless such discerning review can be done realistically without significant burden on the Court . . . . If fees cannot be apportioned with rough precision between advanceable claims and non-advanceable claims or the work was useful for both sets of claims, then the fees will be advanced in whole.

*White v. Curo Tex. Hldgs., LLC ("Curo II")*, 2017 WL 1369332, at \*10 (Del. Ch. Feb 21, 2017). Determining whether the subpoenas apply to covered or non-covered claims would require the Court to explore the specific facts and circumstances of the California action to determine whether they relate to the initial claim or have some relation to the cross-complaint. That is not an appropriate task during advancement.

15. Fifth, Panzura objects to additional legal work along with fees that took place after Panzura informed Stelfox of its intent to dismiss claims but before it dismissed the claims with prejudice.[5] But Panzura neither dismissed the California claims with prejudice until September 5, 2025, nor the Delaware claims with prejudice until September 29, 2025.

---

[5] Stelfox Second Application.

16. This Court has terminated advancement claims when parties have been precluded from proceeding by judicial estoppel or have affirmed that they will no longer proceed in any forum against the party seeking advancement. *See Carr v. Glob. Payments*, 2019 WL 6726214, at *7 (Del. Ch. Dec. 11, 2019), *aff'd* 227 A.3d 555 (Del. 2020) (TABLE); *Duthie v. CorSolutions Med., Inc.*, 2009 WL 1743650, at *3 (Del. Ch. June 16, 2009) ("When the threat [of litigation] has ended, there cannot be a right to advancement of fees and expenses for affirmative claims designed substantively to defeat that threat."). Voluntary dismissal of the underlying action, however, does not preclude advancement if the threat of litigation exists. *Centrella v. Avantor, Inc.*, 2024 WL 3249274, at *16 (Del. Ch. July 1, 2024). The threat of litigation includes claims dismissed without prejudice. As Vice Chancellor Cook recognized in *Centrella*, "this is an analysis that considers 'substance as well as form[,]' so even where an entity makes similar representations to a court, the court need not always agree that it is appropriate to terminate advancement." *Centrella* at *17 (quoting *Brown v. LiveOps, Inc.*, 903 A.2d 324, 329 (Del. Ch. June 12, 2006)).

17. Panzura argues that its known financial struggles coupled with a representation that it would dismiss claims should preclude Stelfox from receiving advancement for additional legal work. But Panzura does not get to dictate Stelfox's defense when Panzura controls the viability of the litigation. A threat of litigation remained until Panzura dismissed claims with prejudice. Had Panzura been so

8

concerned, it could have dismissed its claims with prejudice earlier than it did in the California and Delaware actions.

18. Panzura's remaining arguments are the type of line-item objections that I should not consider at the advancement stage and in the *Fitracks* process. Because this dispute relates to advancement of fees, and not the entitlement to indemnification, the Court undertakes a less scrutinizing look at the requested fees and expenses. *See Aveta Inc. v. Bengoa*, 2010 WL 3221823, at *6 (Del. Ch. Aug. 13, 2010). The Court is under no duty to examine the fee requests line by line but assumes the responsibility to determine whether the requested fees are "commercially reasonable." *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 997 (Del. Ch. 2012) (quoting *Wis. Inv. Bd. v. Bartlett*, 2002 WL 568417, at *6 (Del. Ch. Apr. 9, 2002)). Under this Court's precedent, advancement is normally "not the proper stage for a detailed analytical review" of fees, including disputes over "the terms of the strategy followed or the staffing and time committed." *Duthie*, 2008 WL 4173850, at *2. While the *Fitracks* process considers a party's opportunity to allege "clear abuse" of assessed fees, questions concerning "precision and integrity" of advancement requests belong in the indemnification stage, and not the advancement stage. *Fitracks*, 58 A.3d at 998 (citing *Fasciana v. Elec. Data Sys. Corp.*, 829 A.2d 160, 177 (Del. Ch. 2003)).

19.    Stelfox is entitled to fees-on-fees.[6]  She is also entitled to prejudgment interest.[7]

20.    Based on the above, the parties shall meet and confer regarding the amount due to Stelfox and provide a proposed form of order.  If the parties cannot agree, each should provide a letter outlining the area(s) of disagreement and the basis for the party's proposed valuation.

21.    This is a Final Report under Court of Chancery Rule 144.


/s/ David Hume, IV

David Hume, IV
Magistrate in Chancery

---

[6] Order Governing Advancement at 3.  D.I. 55.

[7] *Id.* at 7.

10